ADOLPH L. HAAS, Plaintiff and Counterdefendant-Appellee, *v.* PICK GALLERIES, INC. *et al.*, Defendants and Counterplaintiff-Appellants

(No. 58347; )

First District (1st Division)—June 11, 1973.

*Rehearing denied July 3, 1973.*

Howard W. Minn, of Chicago, for appellants.

Adolph L. Haas, *pro se*.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

Defendants, Pick Galleries, Inc., and Harold R. Pick, appeal from a judgment entered for the plaintiff and against them on August 31, 1972, in the amount of $1,597.50, and dismissing the counterclaim filed by defendants. Defendants maintain that the trial court erred in refusing their motion to transfer the case from the Municipal Department, District 1, to the County Department, Law Division, of the Circuit Court of Cook County, since the amounts put in controversy by their counterclaim exceed the $15,000 "jurisdictional limit" of the Municipal Department, District 1.

Plaintiff's complaint, filed March 1, 1971, in the Circuit Court of Cook County, Municipal Department, District 1, sought judgment in the

amount of $4,443.00 and costs for legal services he allegedly performed on behalf of the defendants. On April 14, 1971, defendants filed—also in the Municipal Department, District 1, of the Circuit Court of Cook County—an answer in the nature of a general denial and a four-count counterclaim which sought $15,000, $15,000, $50,000 and $100,000 respectively. The gist of the counterclaim was that the defendants had delivered various merchandise and performed appraisal work for plaintiff and that plaintiff had negligently performed professional work for the defendants. Judgment was entered on August 31, 1972, for $1,597.50 against defendants and a judgment of dismissal was entered on the counterclaim. On September 1, 1972, both defendants filed identical written motions to vacate on the ground that the "court erred in refusing defendants' motion to have this case transferred to the Law Division for trial, since the rules of Court specifically state that the limits of jurisdiction of this Division of this Court is $15,000 and the *ad damnum* of the Counter Complaint was $100,000." It was stipulated that the motion to transfer was made orally on the date the case was heard, just before testimony was taken. The trial court overruled it "because it did not come timely."

■■■ Defendants contend that the judgments entered below are void because the trial court was without jurisdiction because the amounts sought in the counterclaim exceeded the "jurisdictional limit" of the Municipal Department. Plaintiff contends the Circuit Court of Cook County has jurisdiction of "all justiciable matters" conferred by Article VI, paragraph 9 of the 1970 Constitution, that a judgment entered by a branch or division of the Circuit Court is not void for want of jurisdiction and that the defendants waived the alleged error by their failure to make a timely objection. The Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 8(2)) provides that objections of improper venue are waived by a defendant unless a motion to transfer to a proper venue is made on or before the date "upon which he is required to appear or within any further time that may be granted him to answer or move with respect to the complaint." In the case at bar, defendants' oral motion did not come prior to their appearance on April 14, 1971, and came, in fact, more than 16 months after the appearance, answer and four-count counterclaim were filed. The record does not indicate that defendants sought "any further time" within which "to answer or move with respect to the complaint." Rather, the record indicates that the motion to transfer, made orally on the day of trial immediately prior to the taking of testimony, was denied precisely because "it did not come timely."

■■■ Nevertheless, defendants argue that the error is one of jurisdiction and that the jurisdictional question can be raised at any time.

(*Ras v. Allan Anthony Electric Corp.*, 55 Ill.App.2d 176, 177, 204 N.E. 2d 797.) Defendants also rely on General Order Number 1—3.(c) of the Circuit Court of Cook County, entitled "Transfer of Actions Improperly Filed" which provides: "Whenever it appears, by suggestion of the parties or otherwise, that the action was filed or is pending in the wrong department, division or district of the Circuit Court of Cook County, the court on its own motion or on motion of any party shall transfer the action to the proper department, division, or district." However, the same rule also provides (1—3.b): "No action shall be dismissed and no judgment order or decree shall be vacated, set aside or invalidated because the action was filed, tried or adjudicated in the wrong department, division or district." The general orders of the Circuit Court of Cook County specify its organization, operation and administration and not its jurisdiction which is conferred by Article VI, paragraph 9, of the 1970 Constitution, which provides, in part: "Circuit courts shall have original jurisdiction of all justiciable matters except when the Supreme Court has original and exclusive jurisdiction relating to the redistricting of the General Assembly and to the ability of the Governor to serve or resume office." Consequently, the statement in Circuit Court General Order No. 1—2.2(b) that the Municipal Department of the Circuit Court of Cook County, "hears civil actions and proceedings at law for money not in excess of $15,000" is not, as defendants contend, a "jurisdictional limit." Unlike the previous inferior courts which had only limited jurisdiction, the present Circuit Court of Cook County has original and unlimited jurisdiction. (*In re Estate of Marcucci*, 5 Ill.App.3d 484, 494, 285 N.E.2d 141, 147.) "Jurisdiction," the court there stated, "is vested in a court, not in a judge." A similar logic should be applied to the divisions and departments of the Circuit Court of Cook County. The actions of the trial court concerning the assignment or transfer of actions under General Order Number 1—3. are not jurisdictional and, within broad limits, the trial judge should be allowed the discretion contemplated in General Order Number 1—3. No showing has been made of abuse of that discretion in this instance.

Accordingly, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG and EGAN, JJ., concur.