WILLIAM J. NEMANICH, Plaintiff-Appellant, *v.* DOLLAR RENT-A-CAR
SERVICES, INC., *et al.*, Defendants-Appellees.

Second District    No. 79-580

Opinion filed November 19, 1980.

William J. Nemanich, of Morrison & Nemanich, of Waukegan, for appellant.

Angelo Ruggiero, of Chicago, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, William Nemanich, appeals from an order of the circuit court of Lake County granting a "Motion to Transfer" filed by defendant Dollar Rent-A-Car; plaintiff contends that the court's order was improper and not authorized by law.

On February 20, 1979, plaintiff filed a three-count complaint in the trial court, naming Dollar Rent-A-Car (Dollar) and American Express Company as defendants. In count I of the complaint, plaintiff alleged that he had rented a car from defendant Dollar in Los Angeles, California, agreeing to return the car to Dollar at the Reno, Nevada, airport; that Dollar agreed to bill the plaintiff directly for the charges incurred for the use of the automobile, but that in fact, Dollar wrongfully and fraudulently altered the contract terms and wrongfully billed the sum to plaintiff's account with the American Express Company; that American Express Company has continued to charge plaintiff's account with the Dollar charge; that American Express cancelled the credit privileges of the plaintiff due to Dollar's action; that American Express Company continues to harass plaintiff by the use of collection procedures in order to collect the charge; and that plaintiff has been greatly damaged by the actions of Dollar. Plaintiff requested judgment against defendant Dollar in the amount of $100,000 in actual damages and $1,000,000 in exemplary damages plus costs.

Plaintiff alleged in count II of his complaint that defendant Dollar maliciously and wrongfully composed a letter containing false and defamatory matter concerning plaintiff and caused the letter to be mailed to American Express. Plaintiff further alleged that thereafter American Express cancelled plaintiff's credit privileges, that the statements in the letter concerning plaintiff are wholly false, and that by reason thereof,

plaintiff's reputation and credit have been injured. As relief, plaintiff requests judgment against Dollar in the amount of $100,000.

In count III of his complaint, plaintiff alleged that defendant American Express Company, disregarding notices by the plaintiff, charged the plaintiff's account with a certain sum of money plus carrying charges and attempted to collect the charge from plaintiff; that plaintiff was embarrassed when he used the card, for which he had paid a valuable consideration, and was informed in a public restaurant in front of family and friends that the card could not be honored because of the status of his account; that American Express cancelled the plaintiff's credit cards; and that plaintiff has suffered damage to his credit and reputation by defendant American Express Company's acts. Plaintiff demanded judgment against defendant American Express Company in the amount of $100,000 plus costs.

A copy of the complaint was served on United States Corporation Company, in Chicago, Illinois, as the registered agent of each defendant; Dollar entered its appearance on March 26, 1979. American Express Company filed its appearance and answer on April 17, 1979.

On May 21, 1979, defendant Dollar filed a "motion to transfer." Defendant asserted that the action had been improperly commenced in Lake County, Illinois, in that the relief sought by plaintiff was based on actions which had occurred outside of the State of Illinois and both defendants are foreign-based corporations licensed to do business in the State of Illinois and specifically in Cook County. Defendant also asserted that plaintiff should be directed to institute suit in Los Angeles, California, in accordance with the doctrine of *forum non conveniens*, as none of the actions on which the complaint was based occurred in Illinois, defense witnesses were not located in Illinois, and the laws of a State other than Illinois would be applied. Defendant requested that an order be entered directing the plaintiff to institute suit in Los Angeles, California, or alternatively transferring the cause to Cook County, Illinois. On July 12, 1979, the trial court ordered "that the Motion to Transfer the within cause to the State of California be and is hereby granted." Plaintiff's motion for reconsideration was denied.

The central issue to be decided by this court is whether the trial court erred in "transferring" the cause to California. We first note that the Illinois Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, pars. 5 through 12) does provide for transfer of a cause to proper venue; however, the provisions of the act apply only to transfers within the State of Illinois. Similarly, the Judicial Code of the United States (28 U.S.C. §1404(a)(1976)) provides for transfer of venue among Federal district courts only, and clearly affords no authority for a State court to transfer a cause to another State. However, although the trial court's order is framed in terms of a

"transfer" to California, we find that the order may properly be construed as one dismissing the cause, finding that plaintiff be required to reinstitute suit in California.

We also note that, although defendant contended that venue was improper in Lake County, defendant filed a general appearance in response to plaintiff's complaint. Such a general appearance constitutes a waiver of venue objections. (Ill. Rev. Stat. 1979, ch. 110, par. 8(2); *Haas v. Pick Galleries* (1973), 12 Ill. App. 3d 865, 299 N.E.2d 93.) However, waiver does not apply to motions based on *forum non conveniens* (*McDonald's Corp. v. Smargon* (1975), 31 Ill. App. 3d 493, 334 N.E.2d 385), and, therefore, defendant has not waived its objection to venue on the basis of *forum non conveniens* by filing its general appearance.

Therefore, viewing the order as a dismissal, the issue becomes whether the court properly dismissed plaintiff's complaint on the basis of the doctrine of *forum non conveniens*.

■■ The determination of whether particular facts and circumstances warrant dismissal of a case on the grounds of *forum non conveniens* rests primarily within the discretion of the trial court. The trial court's decision will not be reversed on review unless it can be said that, in deciding as it did, the trial court abused its discretion. (*People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 383 N.E.2d 977.) The doctrine of *forum non conveniens* is founded in considerations of fundamental fairness and sensible and effective judicial administration. In light of these considerations, a court may decline jurisdiction of a case even though it may have proper jurisdiction over all parties and the subject matter (*Whitney v. Madden* (1948), 400 Ill. 185, 79 N.E.2d 593), whenever it appears that another forum can better serve the parties in the ends of justice. (*People ex rel. Compagnie Nationale Air France v. Giliberto.*) A motion to dismiss on *forum non conveniens* grounds presupposes that more than one court can be used as a forum. *People ex rel. Compagnie Nationale Air France v. Giliberto.*

A number of factors are to be considered in determining whether a court should refrain from exercising its jurisdiction. Those factors include: the relative capacities of the two courts to provide a fair trial; the relative inconvenience to witnesses and parties; ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; the burden upon the respective taxpayers and court system; the condition of the courts' dockets; the ability to enforce any judgment which results; and the necessity of applying another State's laws. (*Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839; *People ex rel. Compagnie Nationale Air France v. Giliberto*; *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 301 N.E.2d

729; *A. E. Staley Manufacturing Co. v. Swift & Co.* (1978), 65 Ill. App. 3d 427, 382 N.E.2d 667.) In addition, the United States Supreme Court has indicated that a plaintiff should not be deprived of his home forum without good cause.

> "Where there are only two parties to a dispute, there is good reason why it should be tried in the plaintiff's home forum if that has been his choice. He should not be deprived of the presumed advantages of his home jurisdiction except upon a clear showing of facts which either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportions to plaintiff's convenience, which may be slight or non-existent, or (2) make trial in a chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems. In any balancing of conveniences, a real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the inconvenience the defendant may have shown." (*Koster v. Lumbermens Mutual Casualty Co.* (1947), 330 U.S. 518, 524, 91 L. Ed. 1067, 1074, 67 S. Ct. 828, 831-32.)

Plaintiff's choice of forum should therefore not be disturbed unless the balance of factors strongly favors the defendant. See *Gulf Oil Corp. v. Gilbert.*

■■ In the instant case, plaintiff is a resident of Lake County, Illinois. Both defendant corporations are foreign corporations registered in Illinois, and the transfer motion was silent as to whether or not defendant Dollar conducted any business in Lake County, Illinois. The damage to plaintiff's credit reputation allegedly took place, at least in part, in Illinois. Although defendants' witnesses are not located in Illinois, plaintiff's witnesses, at least with respect to the incident alleged in the complaint concerning a restaurant's failure to honor plaintiff's credit card, may be located in Illinois. As the sources of proof seem to consist mainly of documents, there would be no need for any on-site inspection of premises. It is true that the material alteration of the contract alleged by plaintiff took place outside of Illinois, and that another State's law would be applicable. However, from a review of the record, we do not find that defendants would be unduly oppressed by trial in plaintiff's home forum, nor would considerations affecting the forum make trial inappropriate in that court. It therefore appears that plaintiff's choice of forum should be honored, and that the trial court erred in dismissing the cause of action on *forum non conveniens* grounds.

Defendant Dollar has filed a motion in this court to dismiss the appeal, contending that the order appealed from is not final and appealable as it is an order transferring the cause rather than dismissing it. The jurisdiction of this court to hear an appeal is confined to reviewing

appeals from final judgments, unless the order appealed from comes within one of the exceptions for interlocutory orders specified by the Supreme Court Rules. (*Johnson v. Northwestern Memorial Hospital* (1979), 74 Ill. App. 3d 695, 393 N.E.2d 712.) To be final and appealable, the order appealed from must terminate and dispose of the parties' rights regarding issues in the suit. (*Johnson.*) The inclusion of a special finding cannot confer appellate jurisdiction if the order is not, in fact, final. *Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.* (1976), 63 Ill. 2d 61, 344 N.E.2d 461.

■■ It has been held that an order *denying* a change of venue is neither a final order nor is it appealable under an exception to the final order rule. (*Executive Commercial Services, Ltd. v. Daskalakis* (1979), 74 Ill. App. 3d 760, 393 N.E.2d 1365.) Defendant Dollar argues that this order merely requires the transfer of a cause, and is not a dismissal. However, as noted above, since the order requires the cause to be transferred to another State's court system, we view the order as one dismissing the plaintiff's case in this State and requiring him to reinstitute his case in California. Therefore, as the trial court's order granting the change of venue on *forum non conveniens* grounds is, in effect, a dismissal of the plaintiff's case, it is a final and appealable order. The motion to dismiss plaintiff's appeal is therefore denied.

For the foregoing reasons, the judgment of the circuit court of Lake County is reversed and the cause is remanded to the trial court for further proceedings in accordance with the views expressed in this opinion.

Reversed and remanded.

SEIDENFELD, P. J., and UNVERZAGT, J., concur.