CATHY KINSER MAURO, Plaintiff-Appellee, *v.* DR. DEAN PETERSON, Defendant-Appellant.

First District (5th Division) No. 83—1485

Opinion filed March 9, 1984.

Edward T. Butt, Jr., and Steven M. Pontikes, both of Wildman, Harrold, Allen & Dixon, of Chicago, for appellant.

Mitgang, Levine and Schwartz, and Goldberg & Goldberg, both of Chicago (John B. Schwartz, Carl Nusbaum, and Michael J. Radtke, of counsel), for appellee.

JUSTICE SULLIVAN delivered the opinion of the court:

This is an interlocutory appeal pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308) from an order of the circuit court of Cook County denying defendant's motion to transfer venue to Livingston County and certifying the following question of law for our review:

"Whether an objection to venue, raised in a timely fashion by Motion to Transfer Venue is waived once the defendant files a

general appearance."

In granting defendant's application for leave to appeal, we agreed with the trial court's determination that this question raises a substantial basis for a difference of opinion, and that an immediate appeal could materially advance the ultimate termination of the litigation.

Plaintiff's complaint alleged various acts of medical malpractice in defendant's treatment of plaintiff when she was an inmate at the Dwight Correctional Center in Livingston County, Illinois. Defendant was served with a summons and a copy of the complaint, and he timely and simultaneously filed a general appearance with a motion to transfer for improper venue, supported by an uncontradicted affidavit stating that he was a resident of Livingston County; that all medical treatment complained of by plaintiff was administered in Livingston County; and that venue in Cook County was therefore improper and should be transferred to Livingston County. After a hearing, the trial court denied defendant's motion and certified the aforementioned question of law for our review.

OPINION

Initially, we note that section 2—101 of the Code of Civil Procedure (the Code) provides, in pertinent part:

> "Except as otherwise provided in this Act, every action must be commenced (a) in the county of residence of any defendant *** or (b) in the county in which the transaction or some part thereof occurred out of which the cause of action arose.
>
> If all defendants are nonresidents of the State, an action may be commenced in any county." (Ill. Rev. Stat. 1981, ch. 110, par. 2—101.)

This section is designed to insure that the action will be brought either in a location convenient to the defendant or to potential witnesses (*Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 368 N.E.2d 88), and while proper venue is a valuable privilege conferred on a defendant (*Turner v. Commonwealth Edison Co.* (1978), 63 Ill. App. 3d 693, 380 N.E.2d 477), the right to it may be waived by failure to make a timely objection to improper venue (*Howell v. Borgsmiller* (1980), 88 Ill. App. 3d 961, 411 N.E.2d 47), as required by section 2—104(b) of the Code, which states:

> "(b) All objections of improper venue are waived by a defendant unless a motion to transfer to a proper venue is made by the defendant on or before the date upon which he or she is required to appear or within any further time that may be

granted him or her to answer or move with respect to the complaint ***." Ill. Rev. Stat. 1981, ch. 110, par. 2—104(b).

Defendant contends that by casting his objection to venue in the form of a motion to transfer the case to a court of allegedly proper venue, and by filing the motion within the time prescribed—in this case within 30 days from the date of service of summons—he has fully complied with section 2—104 of the Code and that his motion to transfer venue therefore should have been granted. See Ill. Ann. Stat., ch. 110, par. 2—104, Historical and Practice Notes, at 92 (Smith-Hurd 1983).

Although plaintiff does not challenge the form, timeliness, or merits of defendant's motion to transfer, she posits that under section 2—104 and prevailing case law, defendant's right to object to venue was waived by his simultaneous filing of a general appearance with his motion. She argues that to avoid a waiver, defendant should have (1) filed a motion to transfer under section 2—104, unaccompanied by an appearance of any kind, within the time he was required to appear (30 days after service of summons) under Supreme Court Rule 181(a) (87 Ill. 2d R. 181(a)); or (2) filed a special and limited appearance for the sole purpose of contesting venue.

■ With respect to the first argument, plaintiff urges that the absence of any requirement in section 2—104 that a motion for a transfer of venue be accompanied by an appearance must be interpreted as a "warning" to defendants that no appearance should be filed; i.e., that this section exists as an alternative to the filing of an appearance. We disagree. Section 2—104(b) merely requires that an objection to venue be made by a motion to transfer on or before the date defendant is required to appear. We find nothing additional therein which can be interpreted as providing that such a motion must be filed in lieu of a general appearance or that a venue objection is waived if a general appearance is filed. Furthermore, as defendant correctly states, it is well settled that any action taken by a litigant which recognizes the case as being in court will amount to a general appearance unless such action was for the sole purpose of objecting to the jurisdiction over his or her person. (*Lord v. Hubert* (1957), 12 Ill. 2d 83, 145 N.E.2d 77; *Thilman & Co. v. Esposito* (1980), 87 Ill. App. 3d 289, 408 N.E.2d 1014.) Here, defendant acknowledges that as an Illinois resident he had no grounds to contest jurisdiction over his person; thus, even if he had filed a motion to transfer venue unaccompanied by an appearance, it would have been an act which, under both Rule 181(a) and existing case law, constituted a general appearance. Under plaintiff's reasoning, this would have resulted in a waiver of

the venue objection raised by the motion. We do not believe that the legislature intended such an incongruous result.

■■ Plaintiff's alternate argument, that defendant should have preserved his objection to venue by filing a special and limited appearance for the sole purpose of contesting venue, is equally untenable. Section 2—301(a) of the Code clearly states:

"Special Appearance. (a) Prior to filing any other pleading or motion, a special appearance may be made *** for the purpose of objecting to the jurisdiction of the court over the person of the defendant. *** Every appearance, prior to judgment, not in compliance with the foregoing is a general appearance." (Ill. Rev. Stat. 1981, ch. 110, par. 2—301(a).)

As noted above, while defendant maintains that venue should be in Livingston County, he had conceded that the Cook County circuit court had jurisdiction over his person. Thus, if a special appearance had been filed by defendant to contest venue, it would have constituted a general appearance, since it was not an objection to jurisdiction, and as we have concluded above, such an appearance does not waive a venue objection.

We also note, from our review of the transcript of its hearing, that the trial court apparently denied defendant's motion to transfer on the basis of certain language in *Nemanich v. Dollar Rent-A-Car Services, Inc.* (1980), 90 Ill. App. 3d 484, 413 N.E.2d 178, which in our opinion does not support plaintiff's position. In *Nemanich*, a Lake County, Illinois, resident filed a defamation suit in that county against two foreign-based corporations licensed to do business in Illinois, one of which entered its general appearance on March 26 and then, on May 21, filed a "motion to transfer" asking that plaintiff be directed to institute his suit in California in accordance with the doctrine of *forum non conveniens*. The trial court granted the motion, and the issue on appeal was whether the dismissal on the basis of *forum non conveniens* was proper. This court noted that "a general appearance constitutes a waiver of venue objections" (90 Ill. App. 3d 484, 487, 413 N.E.2d 178, 181), but then held that the waiver did not apply to venue objections based on *forum non conveniens*.

The trial court here, in finding that defendant waived his venue objection, relied upon the statement in *Nemanich* that a general appearance constitutes a waiver of venue objections. In making that statement, the court in *Nemanich* cited as authority therefor section 8(2) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 8(2)), which is the substantively identical predecessor of section 2—104, and *Haas v. Pick Galleries, Inc.* (1973), 12 Ill. App. 3d 865, 299 N.E.2d

93.

We have found above, however, that under section 2—104 a general appearance does not waive venue objections, and we also find no support in *Haas* for the statement in *Nemanich* that a general appearance constitutes such a waiver.

In *Haas*, the issue on appeal was the timeliness of the defendants' motion to transfer venue, which was made at the commencement of trial more than 16 months after their appearance, answer, and counterclaim were filed. *Haas* merely affirmed the lower court's denial of the motion to transfer "because 'it did not come timely' " since defendants had not complied with section 8(2) which, like section 2—104, required that the filing of such a motion be on or before the date scheduled for appearance. (12 Ill. App. 3d 865, 867, 299 N.E.2d 93, 94.) Nothing in *Haas*, however, states or even remotely suggests that the general appearance itself waived the venue objection. Furthermore, as noted above, the issue in *Nemanich* was the propriety of a dismissal based on *forum non conveniens*, and the effect of a general appearance on a motion objecting to venue was neither in issue nor germane to the issue presented. It is therefore our view that the *Nemanich* court's statement that a general appearance waives an objection to venue was unsupported *dictum*.

■ We conclude that an objection to venue, when raised by a timely motion to transfer, is not waived by the filing of a general appearance, and accordingly, the order denying defendant's motion to transfer venue is reversed and this matter is remanded for further proceedings.

Reversed and remanded.

LORENZ and WILSON, JJ., concur.