MEMORIAL MEDICAL CENTER, Plaintiff-Appellant, v. MELVIN A. MATTHEWS, Defendant-Appellee.

Fourth District   No. 4—83—0704

Opinion filed November 13, 1984.

Brown, Hay & Stephens, of Springfield (Robert A. Stuart, Jr., and William F. Trapp, of counsel), for appellant.

Jerry Doyle Miller, of Bowen, Miller & Tungate, of Olney, and John R. Keith, of Holley, Keith & Mehlick, of Springfield, for appellee.

PRESIDING JUSTICE ALLOY delivered the opinion of the court:

The final issue to be decided in this case is whether the defendant Melvin Matthews waived his right to object to venue in Sangamon County, by not making a timely motion to transfer venue. At issue is the construction of section 2—104(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—104(b)).

The record discloses that Memorial Medical Center filed its complaint against defendant Matthews on December 8, 1982, in Sangamon County. The basis for recovery in the action was plaintiff's rendering of medical services to defendant's wife, subsequently deceased, from September 2, 1981, to September 17, 1981. The action was premised upon the family expense statute (Ill. Rev. Stat 1981, ch. 40, par. 1015).

On December 27, 1982, the defendant, Matthews, by his attorney, entered an entry of appearance and responded to the complaint with a motion to dismiss. No motion to transfer venue or objection to venue was filed or included in the motion to dismiss. Defendant's first objection to venue was presented, by oral motion, on January 27, 1983. That motion was granted by the trial court. A motion to reconsider the transfer to Wayne County was filed by plaintiff, with the result that the trial court granted the defendant leave to file a written motion to transfer venue. This was done on May 31, 1983. By docket entry on June 8, 1983, the motion to transfer was granted. The plaintiff then sought, and was granted, leave to appeal from the granting of the motion to transfer venue. Although several issues are raised, the question of the timeliness of the motion is dispositive, and we need not address the other issues.

The pertinent statutory provision is section 2—104(b) of the Code of Civil Procedure, which states:

"(b) All objections of improper venue are waived by a defendant unless a motion to transfer to a proper venue is made by the defendant on or before the date upon which he or she is required to appear or within any further time that may be granted him or her to answer or move with respect to the complaint, except that if a defendant upon whose residence venue

depends is dismissed upon motion of plaintiff, a remaining defendant may properly move for transfer as though the dismissed defendant had not been a party." Ill. Rev. Stat. 1981, ch. 110, par. 2—104(b).

■■ ■ The statutory language is direct and clear; objections of improper venue are waived unless a proper motion to transfer is made on or before a defendant is required to appear or any extension is granted for appearance and moving with respect to a complaint. It has long been the rule that questions of improper venue must be raised promptly. (*Wagner v. David* (1966), 35 Ill. 2d 494, 221 N.E.2d 248; *Bank of Hickory Hills v. Hammann* (1982), 108 Ill. App. 3d 834, 837, 439 N.E.2d 1048.) In *Nemanich v. Dollar Rent-A-Car Services, Inc.* (1980), 90 Ill. App. 3d 484, 487, 413 N.E.2d 178, the court noted that the filing of a general appearance "constitutes a waiver of venue objections," except for those based upon *forum non conveniens*. The exception does not apply herein.

■■ In the instant case, the defendant filed his general appearance and motion with respect to the complaint before making any objection to venue. That is undisputed. Also undisputed is that there was no extension of time granted the defendant with respect to appearing or moving on the complaint. Under the circumstances, the objection to venue was waived. *Nemanich v. Dollar Rent-A-Car Services, Inc.* (1980), 90 Ill. App. 3d 484; *Haas v. Pick Galleries, Inc.* (1973), 12 Ill. App. 3d 865, 299 N.E.2d 93.

■■ The court has discretion to extend the time for answer or moving with respect to a complaint, thereby indirectly extending the time for filing a motion to transfer venue. Here, as noted, no such extension was granted. The defendant entered his general appearance and moved to dismiss, without first objecting to venue. His objections to venue were thus waived and not properly heard by the court thereafter.

The court erred in granting the motion to transfer venue, which had not been timely filed. Defense objections to improper venue, even if valid, had already been waived.

Reversed and remanded for further proceedings in Sangamon County.

STOUDER and HEIPLE, JJ., concur.