**VIDMAR BUICK COMPANY, an Illinois corporation, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, a Delaware corporation, Defendant.**

No. 85 C 6051.

United States District Court, N.D. Illinois, E.D.

Sept. 26, 1985.

David J. Griffin, Rhoda Elvove Markovitz, Griffin & Griffin, Ltd., Chicago, Ill., for plaintiff.

Bruce Meckler, Pope, Ballard, Shepard & Fowle, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

This matter is before the court upon the Motion of plaintiff Vidmar Buick Company ("Vidmar") for Remand or, in the alternative, for Reconsideration of the State Court Order Transferring Venue. For the reasons set forth below, Vidmar's motion is denied.

### I. Removability of Vidmar's Claim in the Initial Complaint

Vidmar contends that its claim in the initial complaint filed in state court on April 16, 1985 was removable, and that defendant General Motors Corporation ("GM") failed to remove this claim from state court within thirty days of receipt of the initial complaint, as required under 28 U.S.C. § 1446(b). Vidmar presents two arguments in support of its contention that its claim in the initial complaint was removable: (1) Vidmar's claim was separate and independent from the claims of co-plaintiffs Stillwell Buick and Gartner Buick, and the entire case was therefore removable under 28 U.S.C. § 1441(c); and (2) under *Mielke v. Allstate Insurance Co.,* 472 F.Supp. 851 (E.D.Mich.1979), GM should not have waited for a state court order transferring venue because it was obvious, from the face of the complaint, that Vidmar improperly sued GM in DuPage County with co-plaintiffs Stillwell and Gartner.

■ As for Vidmar's first argument, the court finds that the claim or cause of action of Vidmar in the initial complaint is not separate and independent from those of co-plaintiffs Stillwell and Gartner. In *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the Supreme Court interpreted the "separate and independent" requirement of § 1441(c). The Court concluded that:

[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).

*Finn,* 341 U.S. at 14, 71 S.Ct. at 540. While *Finn* involved one plaintiff and multiple defendants, the "single wrong" test adopted by the Court also applies in a case, such as the instant case, involving multiple plaintiffs and one defendant. *See Layden v. Zantop Air Transport, Inc.,* 265 F.Supp. 743, 748 (N.D.Ill.1967).

In this case, the three plaintiff automobile dealers allege that GM violated the Motor Vehicle Franchise Act, Ill.Rev.Stat. ch. 121½, § 751 et seq., when GM established another Buick dealership in the plaintiffs' market area. The plaintiffs allege that one happening—the establishment of an additional Buick franchise in the Bolingbrook, Illinois area—adversely affected all three plaintiffs. Following *Finn,* the court finds that Vidmar's claim or cause of action in the initial complaint is not separate from those of co-plaintiffs Stillwell and Gartner.

■ The court finds Vidmar's second argument without merit. GM properly waited for a state court order transferring ven-

ue before removing Vidmar's cause of action to federal court. It was not unambiguously obvious on the face of the complaint that Vidmar's cause of action was removable. In addition, the removal statute contemplates situations in which defendants wait for enabling state court orders before removing to federal court.[1]

## II. Removability of Vidmar's Case After the State Court Order Transferring Venue

■ The three plaintiff dealerships filed their initial complaint against GM in DuPage County, Illinois. On May 23, 1985, GM filed a Motion to Dismiss Vidmar, asserting that Section 762 of the Motor Vehicle Franchise Act, which provides that "... a proceeding ... shall be commenced by the objecting franchisee in the Circuit Court of the County in which the objecting franchisee has its principal place of business," mandated that Vidmar commence its suit in Will County, Illinois.[2] On June 18, 1985, the state court denied GM's Motion to Dismiss, but entered an order, *sua sponte*, transferring Vidmar's complaint to the Circuit Court of Will County pursuant to Section 762. GM removed Vidmar's complaint to this court on July 1, 1985, less than thirty days after the state court order transferring venue, as required under 28 U.S.C. § 1446(b).

Vidmar asserts that GM may not remove Vidmar's claim under Section 1446(b) because the state court order did not amount to an "amended pleading, motion, order or other paper" which would commence the

thirty-day period of time for filing a removal petition. According to Vidmar, the "amended pleading, motion, order or other paper" referred to in Section 1446(b) must be one that has been filed by the plaintiff. Vidmar cites a long line of cases, starting with *Powers v. Chesapeake & Ohio Railway*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898), which hold that, apart from fraudulent joinder, when a plaintiff states a nonremovable case in his initial complaint, only a voluntary act of the plaintiff will make the case removable.

It is obvious that the plain language of Section 1446(b) does not mandate the voluntary/involuntary distinction.[3] In fact, there has been some debate as to whether Congress intended to abolish the distinction when it amended Section 1446(b) in 1949, adding what is now the second paragraph in sub-section (b).[4]

The majority of cases, some of which were decided after the 1949 amendment, follow the voluntary/involuntary distinction; however, most of these cases involve a directed verdict against a nondiverse defendant without a voluntary act on the part of the plaintiff. *See, e.g., Self v. General Motors Corp.*, 588 F.2d 655 (9th Cir.1978); *Weems v. Louis Deryfus Corp.*, 380 F.2d 545 (5th Cir.1967). *See also* cases cited in 14A Wright, Miller and Cooper, Federal Practice and Procedure: Jurisdiction and Related Matters, § 3723, n. 18 (1985). The underlying purpose of the voluntary/involuntary rule in these cases is "to protect plaintiff's choice of forum as long as he

---

1. 28 U.S.C. § 1446(b) provides:
   If the case stated by the initial pleading is not removable, a petition for removal may be filed *within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.* (Emphasis added.)

2. It is not disputed that Vidmar's principal place of business is located in Will County, Illinois.

3. *See supra* n. 1.

4. *See* Defendant's Memorandum in Opposition to Plaintiff's Motion for Remand or, in the Alternative, for Reconsideration of the State Court

Order Transferring Venue, filed August 16, 1985, pp. 8–11. *See also* 14A Wright, Miller and Cooper, Federal Practice and Procedure: Jurisdiction and Related Matters § 3723 (1985). The Seventh Circuit has not yet ruled on this question, and, for reasons stated in the ensuing discussion, the court does not find it necessary to decide at this time whether the voluntary/involuntary distinction survived the 1949 amendment. The court finds only that this case falls within the exception to the voluntary/involuntary distinction and, therefore, the distinction does not apply in this case even if it survived the 1949 amendment.

wants it protected." [5] *Ford Motor Credit Co. v. Aaron-Lincoln Mercury,* 563 F.Supp. 1108, 1117 (N.D.Ill.1983). *See also Self,* 588 F.2d at 659.

To protect the plaintiff's choice of forum in the present case would lead to an unfair result because Vidmar's choice of forum was improper under Illinois law.[6] Indeed, this case is not unlike those cases, specifically excepted from the voluntary/involuntary rule, in which the plaintiff has fraudulently or improperly joined a party to defeat diversity.

In *Wecker v. National Enameling & Stamping Co.,* 204 U.S. 176, 27 S.Ct. 184, 51 L.Ed. 430 (1907), the case in which the Supreme Court accepted and applied the theory of fraudulent joinder of parties defendant, the Court commented:

> [T]he Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction.

*Wecker,* 204 U.S. at 186, 27 S.Ct. at 188. In a more recent case, *Picquet v. Amoco Production Co.,* 513 F.Supp. 938 (M.D.La. 1981), plaintiffs created, and transferred a small per cent of their interest in land to, a Delaware corporation immediately prior to their suit against another Delaware corporation. The court concluded:

> [C]onsidering the congressional purpose, the protection of the noncitizen who is obliged to sue or to be sued in the state

of his adversary, a federal district court ought to inquire into improper or fraudulent joinder of plaintiffs as well as improper or fraudulent joinder of defendants where the motive is to defeat federal jurisdiction.

*Picquet,* 513 F.Supp. at 943.

In the present case, Vidmar improperly joined with Stillwell and Gartner in their suit in DuPage County. Under Section 762 of the Illinois Motor Vehicle Franchise Act, the proper venue for Vidmar's suit was Will County while the proper venue for Stillwell and Gartner, the nondiverse plaintiff, was DuPage County. Had Vidmar properly initiated its suit against GM in Will County, GM would have been able to remove the suit immediately on the basis of the complete diversity of Vidmar and GM.

Vidmar's filing of its suit in an improper venue in order to join with Stillwell and Gartner, a nondiverse plaintiff, falls within the category of devices intended to prevent removal which federal courts should not sanction, and, as such, it also falls within the exception to the voluntary/involuntary rule. The state court order, therefore, did amount to an order which, under section 1446(b), would commence the thirty-day period of time for filing a removal petition, and GM properly filed within thirty days of the state court order transferring venue.

### III. Validity of the State Court Order Transferring Venue

Vidmar contends that the court should reconsider and vacate the state court order transferring venue for two alternative rea-

---

**5.** Courts have also suggested, as an additional purpose for the voluntary/involuntary rule, the prevention of the removal of cases in which the state court proceedings are not yet final, such as where the plaintiff may appeal a directed verdict dismissing a nondiverse defendant. *Quinn v. Aetna Life & Casualty Co.,* 616 F.2d 38 (2d Cir.1980). However, the *Self* court, and other courts, have suggested that the finality of state court proceedings is not a proper basis for the voluntary/involuntary rule. *Self,* 588 F.2d at 658.

GM, in its brief, asserts that finality is the policy behind the voluntary/involuntary rule, and that because an order transferring venue is an interlocutory order, not appealable as of right in Illinois, such an order satisfies the vol-

untary/involuntary rule. Vidmar, on the other hand, asserts that the fact that the order could not be appealed without the permission of the Illinois Appellate Court is not fatal, and that absent a final ruling of the state court conclusively establishing the transfer of venue, removal to federal court is premature and improper. This court, in finding the instant case similar to those cases in which the plaintiff fraudulently or improperly joins a party to destroy diversity, need not decide whether finality of the state court proceedings is a proper basis for the voluntary/involuntary rule, and need not address the finality arguments of Vidmar and GM.

**6.** *See infra* discussion in Section III.

sons: (1) GM waived its venue objection as to Vidmar when it first filed a general appearance; and (2) DuPage County was the proper venue for Vidmar's suit under the Illinois Code of Civil Procedure, Ill.Rev. Stat. ch. 110, § 1–101 et seq.

■ Vidmar's first argument is clearly without merit. Section 2–104(b) of the Illinois Code of Civil Procedure does not require a defendant to object to venue before filing a general appearance; rather, it provides:

All objections of improper venue are waived by a defendant unless a motion to transfer to a proper venue is made by a defendant on or before the date upon which he or she is required to appear or within any further time that may be granted him or her to answer or move with respect to the complaint. . . .

In the case which Vidmar cites in support of its position, *Nemanich v. Dollar Rent-A-Car Service, Inc.*, 90 Ill.App.3d 484, 45 Ill.Dec. 845, 413 N.E.2d 178 (1980), the court stated that a general appearance waives an objection to venue; however, in a later decision, *Mauro v. Peterson*, 122 Ill. App.3d 466, 470, 77 Ill.Dec. 941, 461 N.E.2d 564 (1984), the court found the *Nemanich* court's statement to be unsupported dictum, and held that under § 2–104 a general appearance does not waive venue objections.

■ Vidmar also argues that venue was proper in DuPage County. Under Section 762(b) of the Illinois Motor Vehicle Franchise Act, venue is proper "in the Circuit Court of the County in which the objecting franchise has its principal place of business. . . ." Section 2–101 of the Illinois Code of Civil Procedure, the general venue provision, provides:

*Except as otherwise provided in this Act,* every action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (2) in the county in which the transaction or some part there-

of occurred out of which the cause of action arose. (Emphasis added.)

In addition, Section 2–103(c) provides that "[a]ny action which is made local by any statute must be brought in the county designated in the statute."

Under Section 2–101, venue would be proper in DuPage County; under Section 2–103(c), venue would not be proper in DuPage County due to Section 762(b) of the Motor Vehicle Franchise Act which makes Vidmar's action local. Vidmar contends that the court should read Sections 2–103(c) and 2–101 *in pari materia* so as to allow multiple objecting franchisees whose principal places of business are in different counties to sue a franchiser in a single cause of action. Vidmar relies on *Lawless v. Village of Park Forest South*, 108 Ill.App.3d 191, 63 Ill.Dec. 936, 438 N.E.2d 1299 (1982), in which the court held that Sections 2–101 and 2–103(a) should be read *in pari materia* and that 2–101 should prevail over 2–103(a) in order to prevent a multiplicity of lawsuits.

*Lawless* did not address Section 2–103(c), but 2–103(a). In *People ex rel. Village of Northbrook v. Highland Park*, 35 Ill. App.3d 435, 342 N.E.2d 196 (1976), the court addressed the conflict between Sections 2–101 and 2–103(c) and held that Section 2–101 is a general statute which defers to the more specific Section 2–103(c) by virtue of its introductory language, "Except as otherwise provided in this Act. . . ." *Village of Northbrook*, 35 Ill.App.3d at 448, 342 N.E.2d 196. Taking into consideration *Village of Northbrook*, Section 2–103(c) of the Code of Civil Procedure and Section 762(b) of the Motor Vehicle Franchise Act, the court finds that venue for Vidmar's suit against GM was proper in Will County, not DuPage County.

## IV. Conclusion

For reasons set forth in this opinion, Vidmar's Motion for Remand, or, in the Alternative, for Reconsideration of the State Court Order Transferring Venue, is denied. GM properly removed Vidmar's complaint to federal court pursuant to

§ 1446(b), and the case may now proceed in federal court.