In re MARRIAGE OF THOMAS R. KELSO, Petitioner-Appellant, and TANE L. KELSO, Respondent-Appellee.

First District (5th Division) No. 88—1099

Opinion filed August 5, 1988.

Reed Lee, of Chicago (Timpone & Boyle, P.C., of counsel), for appellant.

Arthur E. Engelland & Associates, of Chicago, for appellee.

JUSTICE SULLIVAN delivered the opinion of the court:

Petitioner appeals from an order granting respondent's motion to quash service of process in a dissolution of marriage action. Petitioner contends that the circuit court erred in ruling that it lacked personal jurisdiction over respondent. For the reasons hereinafter set forth, we reverse the order quashing service of process and remand the cause to the circuit court for further proceedings.

On December 30, 1987, petitioner, Thomas R. Kelso, a resident of Illinois, filed an action in the circuit court of Cook County for dissolu-

tion of his marriage to respondent, Tane L. Kelso, who is presently a resident of Hawaii. Respondent was served with summons and a copy of the petition for dissolution in Honolulu, Hawaii, on January 8, 1988. On January 27, 1988, after being served with process in the Illinois action, respondent filed for divorce in the family court of the State of Hawaii. Thereafter, on February 10, 1988, respondent, through her counsel, filed a special and limited appearance in this action. On February 18, 1988, respondent's counsel mailed a notice of motion to petitioner's counsel indicating that on February 23, 1988, he would appear before Judge Knell and present his motion to transfer the dissolution of marriage action from the circuit court of Cook County, Illinois, to the family court of the State of Hawaii, on the grounds of *forum non conveniens*. Petitioner filed his response to the motion on February 22, 1988.

Although there is no report of proceedings for February 23, 1988, we note that on April 15, 1988, Judge Knell allowed petitioner's motion to amend the record on appeal to include a copy of an order that he entered on February 23, 1988, in this matter. That order, which was drafted by respondent's counsel and was signed by Judge Knell, states:

"This cause coming on to be heard on respondent's motion for transfer, due notice having been given and the court being advised in the premises, it is hereby ordered that respondent is granted to March 22, 1988, to reply to petitioner's response and that this cause be and is hereby set for hearing before the 'Hon. Judge' Knell without further notice."

In his order of April 15, 1988, allowing the record to be supplemented with this order, Judge Knell recited the following facts: that the document was a true and correct copy of the original; that the original document had been stricken from the court file and torn into four approximately equal pieces; that the signature of the judge was stricken from the order; and that the original document was subsequently taped together so as to restore it as much as possible to its original form. A copy of the original document was then made, and the original document was subsequently lost from the file. The April 15, 1988, order noted that counsel for both parties agreed to the wording thereof.

Respondent did not object to petitioner's motion to amend the record to include the February 23, 1988, order or his motion to file the order as a supplemental record with this court.

Petitioner filed an emergency petition on February 23, 1988, for a temporary restraining order to bar respondent and her agents from

making any court appearances, effecting service of process, filing further pleadings or motions or otherwise attempting to pursue the Hawaii divorce action. The motion was noticed for a hearing on March 1, 1988.

On that date, respondent presented a motion to quash service of process for lack of personal jurisdiction. In this motion, she alleged that she is a citizen of the State of Hawaii, that she has never lived in Illinois, that she never had a matrimonial domicile in this State, that no marital acts occurred here and that she has done nothing to subject herself to the jurisdiction of our courts. After the motion was briefed and argued, Judge Knell, on March 14, 1988, granted respondent's motion to quash service of process for lack of personal jurisdiction, and, for that reason, denied petitioner's request for injunctive relief. This appeal followed.

OPINION

■ Respondent has filed two motions to dismiss this appeal and one motion to strike certain references in petitioner's brief to matters outside of the record. Those motions were taken with the case and are now denied.

The first motion to dismiss was based on respondent's argument that under Supreme Court Rule 307(a)(1) (107 Ill. 2d R. 307(a)(1)), the order entered on March 14, 1988, was not appealable. We disagree. An order denying a request for a temporary restraining order is an interlocutory order made immediately appealable as a matter of right by Rule 307(a)(1). *Bohn Aluminum & Brass Co. v. Barker* (1973), 55 Ill. 2d 177, 303 N.E.2d 1.

We note further that an order granting a motion to quash service of process is a final and appealable order under Supreme Court Rules 301 and 303. (107 Ill. 2d Rules 301, 303(a)(1). See *Brauer Machine & Supply Co. v. Parkhill Truck Co.* (1943), 383 Ill. 569, 573-78, 50 N.E.2d 836; *Schiffman v. Bowman* (1980), 88 Ill. App. 3d 766, 768, 411 N.E.2d 71.) Although the notice of appeal in this case was captioned "Notice of Interlocutory Appeal," the notice of appeal is to be liberally construed, and defects in form will not deprive the reviewing court of jurisdiction. *McMahon v. McMahon* (1981), 97 Ill. App. 3d 448, 450, 422 N.E.2d 1150.

In *Statistical Tabulating Corp. v. Hauck* (1972), 5 Ill. App. 3d 50, 282 N.E.2d 524, the court held that an interlocutory appeal taken from an order granting a permanent injunction would be treated as an appeal from a final judgment or order. Even assuming, therefore, that respondent is correct in asserting that the March 14, 1988, order

was appealable only as a final order and not as an interlocutory order, the notice of appeal filed in this case was sufficient to confer jurisdiction upon this court. The notice informed respondent that petitioner sought review of the order quashing service of process for lack of personal jurisdiction.

■ Respondent's second motion to dismiss was based on mootness. In response to this court's order, the parties have advised us that petitioner was served with process in respondent's Hawaii divorce action on May 19, 1988. Although this renders moot that portion of petitioner's prayer for relief which sought to restrain respondent from serving him with process in that action, it does not render moot the remainder of the prayer for relief nor does it affect the appealability of the order quashing service of process.

With respect to respondent's pending motion to strike certain references in petitioner's brief to matters outside of the record, we note that in the determination of this appeal we have not considered matters not properly of record.

■ Addressing the merits of the appeal we observe that section 2—301(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—301(a)) provides in pertinent part:

> "Prior to filing any other pleading or motion, a special appearance may be made either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person of the defendant. *** Every appearance, prior to judgment, not in compliance with the foregoing is a general appearance."

The law is well settled that "any action taken by a litigant which recognizes the case as being in court will amount to a general appearance unless such action was for the sole purpose of objecting to the jurisdiction over his or her person." (*Mauro v. Peterson* (1984), 122 Ill. App. 3d 466, 468, 461 N.E.2d 564.) An appearance for any purpose other than to question jurisdiction is general even though designated special. *Greenberg v. Neiman* (1943), 320 Ill. App. 99, 109, 49 N.E.2d 817.

■ An examination of the record reflects that after respondent filed her special and limited appearance, and before she filed her motion to quash service of process for lack of personal jurisdiction, she filed a motion to transfer the dissolution of marriage action from the circuit court of Cook County, Illinois, to the family court of the State of Hawaii, on the grounds of *forum non conveniens*. Where a party enters a special appearance questioning the jurisdiction of the court over his person and thereafter makes a general appearance, jurisdic-

tional questions raised in the special appearance are deemed waived. *Spencer v. American United Cab Association* (1965), 59 Ill. App. 2d 165, 170, 208 N.E.2d 118.

A motion to transfer (more properly, a motion to dismiss) an action on the grounds of *forum non conveniens* "presupposes the existence of more than one forum in which jurisdiction may be obtained over the parties and the subject matter of a case, and in which the controversy may be tried." (*Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 364, 456 N.E.2d 98.) The filing of such a motion constitutes a general appearance. See *Hackler v. Cardinal Newman College* (1979), 71 Ill. App. 3d 665, 668, 389 N.E.2d 960; *Goldberg v. Goldberg* (1975), 27 Ill. App. 3d 94, 96-97, 327 N.E.2d 299; *Loss v. Loss* (1967), 80 Ill. App. 2d 376, 379, 224 N.E.2d 271 (a motion to dismiss because of the pendency of a related action between the same parties in another forum constitutes a general appearance subjecting the moving party to the jurisdiction of the court); see also *Mauro v. Peterson* (1984), 122 Ill. App. 3d 466, 469, 461 N.E.2d 564 (filing a special appearance to contest venue would be deemed a general appearance since it is not an objection to jurisdiction).

It does not appear from the record that respondent asked leave of court to withdraw her motion to transfer, but even if the motion had been withdrawn, the general appearance created by the filing of said motion would remain. *Hirsh v. Hirsh* (1967), 81 Ill. App. 2d 354, 359, 225 N.E.2d 42; *Dart v. Hercules* (1864), 34 Ill. 395, 403-04.

In our judgment, by filing a motion to dismiss the Illinois dissolution of marriage action on the grounds of *forum non conveniens*, respondent subjected herself to the jurisdiction of the Illinois courts. The circuit court erred in ruling that it lacked personal jurisdiction over the respondent. Accordingly, the order granting respondent's motion to quash service of process is reversed and the cause is remanded to the circuit court of Cook County for further proceedings.

Reversed and remanded.

LORENZ, P.J., and MURRAY, J., concur.