*In re* MARRIAGE OF MARILYN LENHARDT, Petitioner-Appellee, and JACK E. LENHARDT, Respondent-Appellant.

Fifth District   No. 5—87—0664

Opinion filed November 16, 1988.

James R. Heil, of Alton, for appellant.

Ted E. Barylske, of Wiseman, Shaikewitz, McGivern, Wahl, Flavin & Hesi, of Alton, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

This appeal arises out of proceedings under the Illinois Domestic Violence Act of 1986 (Ill. Rev. Stat. 1987, ch. 40, par. 2311—1 *et seq.*). The respondent, Jack E. Lenhardt, appeals from an order denying his special and limited appearance and from a subsequent order granting child support and compensation for counselling. The respondent maintains on appeal, contrary to the court's ruling, that his appearance was special and limited rather than general; therefore, he argues, the court did not have jurisdiction to enter the interim order providing for counselling and payment of support. Petitioner, Marilyn Lenhardt, maintains that the respondent entered a general appearance; thus, the court had jurisdiction to enter the interim order.

The parties were divorced in 1978. An order was entered in 1982, pursuant to stipulation, granting custody of their minor son to respondent.

The petitioner filed a petition to modify custody on February 11, 1985. That petition was ultimately denied. On July 29, 1987, a petition for change of custody was again filed by the petitioner and a summons was issued, returnable October 20, 1987. That summons was returned showing service on August 13, 1987. On August 12, 1987, petitioner filed for an order of protection pursuant to the Domestic Violence Act and, on that same date, an emergency order of protection was entered by the circuit court.

On August 21, 1987, several documents were filed on behalf of the respondent. Among them was a document entitled "special and limited appearance" which addressed the merits of certain aspects of the domestic violence matter. Respondent's counsel also filed a motion to strike a portion of the petition for change of custody; a motion to quash petitioner's demand for production of documents; a request for

inspection of real estate; interrogatories directed to petitioner; a demand for production pursuant to Supreme Court Rule 214 (107 Ill. 2d R. 214); a response to the petition for change of custody, and a request to admit facts. The special and limited appearance filed on August 21 was set for hearing on August 25, 1987, on motion of respondent.

The court, on August 25, 1988, heard arguments on the special and limited entry of appearance and found respondent's appearance to be general in nature. It then proceeded to a hearing on the request for an interim order of protection and ultimately granted the request. Later, on September 10, 1987, the court entered a written order which, in part, states:

> "The Court first hears the Defendant's Special and Limited Appearance and finds that proper summons regarding the Emergency Order of Protection was not issued and therefore the Emergency Order of Protection is hereby striken [*sic*]. The Court further finds, however, that the Defendant has made a general appearance by virtue of some of the numerous documents that he has filed herein since some of said documents apply not only to the Petition for Change of Custody, but apply to the issues concerned in the Petition for Domestic Violence Order of Protection as well; the Defendant's Special and Limited Appearance is therefore denied."

The respondent maintains on appeal that the documents filed on August 21, 1987, excluding the special and limited entry of appearance, all related to the petition to modify custody and not the petition for an order of protection under the Domestic Violence Act. Therefore, he argues, those documents did not amount to a general entry of appearance in the domestic violence matter.

Sections 202(a)(1) and (a)(2) of the Illinois Domestic Violence Act of 1986 provide in pertinent part as follows:

> "Commencement of Action; Filing Fees: Dismissal.
>
> (a) How to Commence Action. Actions for orders of protection are commenced:
>
> (1) Independently: By filing a petition for an order of protection in any civil court, unless specific courts are designated by local rule or order.
>
> (2) In conjunction with another civil proceeding: By filing a petition for an order of protection under the same case number as another civil proceeding involving the parties, including but not limited to: (i) any proceeding under the Illinois Marriage and Dissolution of Marriage Act, Illinois Parentage Act of

1984, ***." Ill. Rev. Stat. 1987, ch. 40, pars. 2312—2(a)(1), (a)(2).

Section 210(a) of the Act provides as follows:

"Service of process. (a) Summons. Any action for an order of protection, whether commenced alone or in conjunction with another proceeding, is a distinct cause of action and requires that a separate summons be issued and served. The summons shall be in the form prescribed by Supreme Court Rule 101(d), except that it shall require respondent to answer or appear within 7 days." Ill. Rev. Stat. 1987, ch. 40, par. 2312—10(a).

Sections 218(a)(1), (a)(2), and (a)(3) of the Act provide in part:

"(a) Prerequisites. An interim order of protection shall issue if petitioner has served notice of the hearing on respondent, in accordance with Section 211, and satisfies the requirements of this subsection for one or more of the requested remedies. For each remedy requested, petitioner shall establish that:

(1) The court has jurisdiction under Section 208;

(2) The requirements of Section 214 are satisfied; and

(3) A general appearance was made or filed by or for respondent; or process was served on respondent in the manner required by Section 210; or the petitioner is diligently attempting to complete the required service of process.

An interim order may not include the counseling, payment of support or monetary compensation remedies, unless the respondent has filed a general appearance or has been personally served." Ill. Rev. Stat. 1987, ch. 40, pars. 2312—18(a)(1), (a)(2), (a)(3).

■ The respondent contends that there must be service of process or a general entry of appearance before the court can exercise jurisdiction over his person in the domestic violence matter. We agree. The petition requesting a protective order under the Domestic Violence Act does indeed commence a separate and distinct proceeding. The respondent relies heavily on the fact that all the documents filed, other than his special and limited appearance, go to the petition to modify and not the petition for protection. We need not concern ourselves with those pleadings. We need only address the special and limited entry of appearance filed by respondent.

In the special and limited appearance, in addition to the allegation that no summons was issued and hence no jurisdiction was obtained, the respondent made certain other challenges to the emergency protective order entered on August 12, 1987. He alleged and argued that there were no findings, written or otherwise, of abuse of a family

member as required by the Act; that there was no certified copy of the emergency order furnished to the law enforcement officials or served upon respondent; nor did the emergency order state that the minor had been abused. In his argument before the court on the special and limited appearance, counsel for respondent asked the court to consider the petition and order and argued that those documents did not comply with the statute. In the record he concluded his argument as follows:

"MR. HEIL: *** I would point out to the Court that the father has the actual—or has the legal custody of the child. And then they ask for such other and further relief as the Court may deem necessary. Now, this is a specific statutory enactment. And it does not fall under the equity rules. What is requested has to be pleaded. The Statute is specific on that and it specifically talks about Order of Protection remedies, the issuance of an order, remedies and standards and what the Court can allow. And the remedies listed in this Subsection shall be in addition to other civil or criminal remedies available to Petitioner. And then it lists those extensively 1 through 13, covering approximately two or three—two printed pages.

So, it is our position, Judge, that one, Mr. Lenhardt has never been served with process and in fact a summons was never issued as to the Petition for Domestic Violence; two, an interim order because of that cannot be entered as to certain matters and in fact should not be entered at all; and thirdly, the Order that was previously entered has not specifically found any abuse which is required so that the Order should be stricken and held for naught and the youngster should be returned to the custody of his father because the Order granting temporary custody to the mother is of no validity, and the Court had no jurisdiction to enter that Order and the Court has no ongoing jurisdiction to keep it in full force and effect."

The court, after hearing the argument, found and announced orally from the bench:

"THE COURT: It's going to be the ruling that the Special and Limited Appearance is denied because of the general nature of the appearance affected by the various—of the other pleadings that were filed contemporaneously as they apply to the Order of Protection. The emergency Order of Protection not being in substantial conformity with the Statute is stricken and we are here this morning ready for a hearing on an Interim Order of Protection."

The court, in fact, ruled that the emergency order should be stricken for all the reasons set forth in the appearance.

■ The general rule is set forth in *Greer v. Ludwick* (1968), 100 Ill. App. 2d 27, 40, 241 N.E.2d 4, 10, wherein the court stated, quoting *Widicus v. Southwestern Electric Cooperative, Inc.* (1960), 26 Ill. App. 2d 102, 110, 167 N.E.2d 799, 809, " 'Any action taken by a litigant which recognizes the case as being in court will amount to a general appearance unless such action was solely to object to the jurisdiction.' " (See also *Donoghue v. Kohlmeyer & Co.* (1978), 63 Ill. App. 3d 979, 380 N.E.2d 1003.) In *Greer*, the court held that letters filed *pro se* constituted a general appearance. While in *Donoghue*, the motion was not limited to personal jurisdiction in that it set up an arbitration award as a bar to any further litigation. The court held in *Donoghue* that the defense of *res judicata* recognized the matter as being before the court.

■ Section 2—301(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—301(a)) provides:

> "Special appearance. (a) Prior to filing any other pleading or motion, a special appearance may be made either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person of the defendant. A special appearance may be made as to an entire proceeding or as to any cause of action involved therein. Every appearance, prior to judgment, not in compliance with the foregoing is a general appearance."

The respondent takes the position that the filing of pleadings in relation to the petition to modify custody did not amount to a general entry of appearance in the domestic violence proceeding where a separate special and limited appearance was filed in the domestic violence proceeding and where the statute specifically states that domestic violence proceedings and custody proceedings are separate proceedings, even though filed under the same case number. We agree that the respondent's position is sound so long as the pleadings in the custody case have no connection with the petition for a domestic violence order of protection. The trial court found that the many documents filed applied, at least in part, to the domestic violence proceeding. As we have previously stated, we do not feel the need to review those findings.

■ Although the trial court's written order is inartfully drawn and contradicts its oral pronouncement from the bench, we are not bound to accept the reasons given by the trial court for its judgment. The judgment may be sustained on any ground warranted, regardless

of whether it was relied on by the trial court and regardless of whether the reason given by the trial court was correct. (*Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 457 N.E.2d 9.) It is the judgment and not what else may have been said by the lower court that is on appeal to the court of review. *Material Service Corp.*, 98 Ill. 2d at 387, 457 N.E.2d at 12.

■ In the case at bar, the respondent in his special and limited appearance argued that the court lacked jurisdiction in the domestic violence proceeding because no service had been obtained, but then went on to challenge the emergency order of protection in several respects. He claimed that there was no finding of abuse by a household member, that there were no findings that the minor child was abused, and that there was no service of the order of protection on respondent or others as required.

By making those allegations, the respondent recognized the case as being in court and did much more than merely challenge jurisdiction. It is well settled that any action taken by a litigant which recognizes the case as being in court will amount to a general entry of appearance unless such action was for the sole purpose of objecting to the jurisdiction over his or her person. *Mauro v. Peterson* (1984), 122 Ill. App. 3d 466, 468, 461 N.E.2d 564; *J.C. Penney Co. v. West* (1983), 114 Ill. App. 3d 644, 449 N.E.2d 188.

The trial court ruled, in part, that the other documents filed by respondent were addressed to the domestic violence proceeding as well as to the petition to modify support. However, as we have heretofore noted we need not go into the trial court's reasoning since we hold that the "special and limited appearance" was in fact a general appearance. Having held that there was a general appearance, the respondent's second argument challenging the inclusion in the order of counselling, payment of support, and monetary compensation also fails. Since there was a general entry of appearance, the interim order entered may include counselling and payment of support. Ill. Rev. Stat. 1987, ch. 40, par. 2312—18(a)(3).

We conclude that the respondent entered his general entry of appearance when he presented objections to the emergency order. Thus, we find that the judgment of the circuit court of Madison County was correct and we affirm.

Affirmed.

WELCH and CALVO, JJ., concur.