**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**COUSINS ASSOCIATES, INC., Respondent.**

**No. 21, Docket 26109.**

United States Court of Appeals Second Circuit.

Argued Sept. 26, 1960.

Decided Oct. 3, 1960.

Allison W. Brown, Jr., National Labor Relations Board, Washington, D. C. (Stuart Rothman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel and Donald J. Bardell, Washington, D. C., on the brief), for petitioner.

Charles R. Katz, New York City (Katz & Wolchok, New York City, on the brief), for respondent.

Before LUMBARD, Chief Judge, and TUTTLE* and FRIENDLY, Circuit Judges.

LUMBARD, Chief Judge.

This is a petition brought under 29 U.S.C.A. § 160(e) to enforce an order of the National Labor Relations Board, 125 N.L.R.B. No. 15, arising from alleged unfair labor practices committed by the respondent in violation of §§ 8(a) (1) and 8(a) (3) of the National Labor Relations Act, as amended (29 U.S.C.A. §§ 158(a) (1), 158(a) (3)). The Board ordered the respondent, a lessee of two automobile service stations on the New York State Thruway, to cease and desist from discouraging membership in a union, coercively interrogating employees regarding union activities, and otherwise interfering with the right to self-organization. As one of several affirmative steps, it also commanded the respondent to rehire with back pay two shift managers and two attendants who, the Board held, had been dismissed as a result of their union activities.

■ The evidence introduced with respect to the allegedly discriminatory dismissals was more than adequate to meet the test set down by the Supreme Court in Universal Camera Corp. v. N. L. R. B., 1951, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456. Statements made by the respondent's secretary-treasurer before the dismissals raised an inference of anti-union bias; remarks uttered by supervisory personnel after the dismissal of three of the employees buttressed the suggestion. The warnings given to the fourth employee after the dismissal of the first

three, together with the improbability that he would be summarily dismissed for failing to call in when he was unable to report for work (while another employee guilty of the same misconduct was not disciplined at all) amply suggest that the cause for dismissal was anti-union bias. We cannot, therefore, reverse the Board's findings that the dismissals violated §§ 8(a) (1) and 8(a) (3).

■ The interrogation of individual employees as to their views concerning the union which was then being organized was conducted by the respondent's secretary-treasurer, one Wilson, over coffee at a shop near the stations. Although honest interrogation without any promise of benefit or threat of reprisal is not a violation of § 8(a) (1), and is, in fact, protected by § 8(c) of the Act, N. L. R. B. v. England Bros., Inc., 1 Cir., 1953, 201 F.2d 395, all the circumstances surrounding the interrogation must be considered in determining whether it had a coercive flavor. N. L. R. B. v. Syracuse Color Press, 2 Cir., 1954, 209 F.2d 596. In the present case, the questioning was carried on with only one employee at a time, suggestions were made that union "instigators" would be blacklisted, and a threat of reprisal was voiced in the form of a hint that acceptance of the union might result in leasing back of the station to the lessor or a sublease to another lessee. Wilson further told the employees that if the union were rejected, he would be able to get a five-year lease from his lessor. Under the circumstances, which revealed his anti-union animus, these statements could more reasonably be construed as threats and promises than prophecy. This finding of the Board, therefore, is also free of error.

■ We find no merit in the respondent's other contentions. Although shift managers were entrusted with some light supervisory obligations, there is no indication in the record that these duties were anything but routine. An overwhelming percentage of their time was devoted to the ordinary tasks required

* Sitting by designation.

**244**

of a garage attendant. Thus their status was not supervisory within the meaning of § 2(11) of the Labor Relations Act, 29 U.S.C.A. § 152(11). Precision Fabricators, Inc. v. N. L. R. B., 2 Cir., 1953, 204 F.2d 567; N. L. R. B. v. Quincy Steel Cast Co., 1 Cir., 1952, 200 F.2d 293. The record belies the respondent's further claims that the hearing before the Trial Examiner was unfair and that it was not adequately notified of the right to counsel.

The Board's petition to enforce its order is hereby granted.