**Dorothy QUINN, Jacqueline Marchese and Nina Assajew, Plaintiffs-Appellants,**

v.

**AETNA LIFE & CASUALTY CO., Defendant-Appellee.**

**No. 325, Docket 79–7495.**

United States Court of Appeals, Second Circuit.

Argued Nov. 29, 1979.

Decided Jan. 28, 1980.

Edward Vesel, Forest Hills, N. Y. (Martin L. Baron, Baron & Vesel, Forest Hills, N. Y., of counsel), for appellants.

Lewis A. Kaplan, New York City (Marvin Wexler, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, of counsel), for appellee.

Before LUMBARD, MESKILL and NEWMAN, Circuit Judges.

PER CURIAM:

Appeal is taken from a judgment entered in the United States District Court for the Eastern District of New York, Charles P. Sifton, *Judge*, 482 F.Supp. 22 (E.D.N.Y. 1979), dismissing this action on the pleadings pursuant to Rule 12(c), Fed.R.Civ.P. This proceeding was originally brought in the New York Supreme Court, County of Queens, by the three named plaintiffs, all New York residents, each of whom was then prosecuting a suit in state court seeking recovery for personal injuries allegedly sustained in an automobile accident.[1] The complaint sought to enjoin publication in two magazines, both New York residents, of a series of advertisements submitted by Aetna Life & Casualty Co. ("Aetna"), a Connecticut resident, which were critical of the present system of adjudicating tort cases, particularly of the perceived trend towards increasingly large awards. In essence, plaintiffs contended that their rights

---

1. Counsel advised us at oral argument that the Quinn negligence case had been settled after the entry of judgment by the district court.

The Marchese and Assajew cases were pending.

to receive a fair trial were jeopardized by these statements. Despite the fact that their cases had not been called for trial and notwithstanding the availability of techniques designed to identify and disqualify jurors who had been unduly affected by Aetna's campaign, plaintiffs sought permanent injunctive relief.

Aetna's initial attempt to remove the action pursuant to 28 U.S.C. §§ 1332 and 1441 was rebuffed because the presence of the magazine defendants destroyed the requisite diversity. Plaintiffs then moved in the state court for a preliminary injunction and defendants responded by requesting dismissal for failure to state a claim upon which relief could be granted. The request for a preliminary injunction was denied, and the complaint was dismissed as against the magazines but not as against Aetna. The matter was set down for an expedited trial. In denying Aetna's motion the state court indicated that the advertisements in issue were merely "commercial" expression, not fully protected by the First Amendment to the federal Constitution, and as such, were susceptible to the restraint sought by plaintiffs.

Following these rulings, the plaintiffs and the magazines consented to the severance of the claims against the magazines from the claims against Aetna, and plaintiffs elected not to appeal the ruling dismissing the magazines from their suit. Having attained complete diversity in this manner, Aetna again removed the case, under authority of 28 U.S.C. §§ 1441(b), 1446(b),[2] and thereupon moved for dismissal upon the same grounds as had been previously asserted before the state court. Plaintiffs responded by asking the district court to abstain in favor of state adjudication, or, alternatively, to abide by the prior ruling of the state judge on the dismissal motion. Neither request was granted. The district judge, expressing his clear conviction of error with respect to the state court's decision, dismissed the action on its pleadings, holding that the relief sought was entirely improper as it constituted a prior restraint on the exercise of First Amendment freedoms. *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976); *First National Bank of Boston v. Bellotti*, 435 U.S. 765, 98 S.Ct. 1407, 55 L.Ed.2d 707 (1978). This appeal followed.

We affirm the resolution of the First Amendment claim substantially for the reasons set forth in Judge Sifton's thorough and considered opinion, *supra*, 482 F.Supp. 22. The relief sought by plaintiffs is clearly barred by the Fist Amendment and by recent decisions construing it, and plaintiffs' reliance on the "commercial speech" doctrine is misplaced. Nor do we find any procedural bar to the vindication in federal court of defendant-appellee's First Amendment rights. Relitigation of Aetna's motion for dismissal on the pleadings was not barred by the law of the case doctrine, which is discretionary, *First National Bank of Hollywood v. American Foam Rubber Corp.*, 530 F.2d 450, 453 n.3 (2d Cir. 1976), even when the case is one transferred from state to federal court, *Hill*

2. The district court had subject matter jurisdiction over this action despite the line of cases holding that, even under the 1949 amendment to 28 U.S.C. § 1446(b), the involuntary dismissal of non-diverse parties does not make an action removable. *See Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir. 1967); *Squibb-Mathieson Int'l Corp. v. St. Paul Mercury Ins. Co.*, 238 F.Supp. 598 (S.D.N.Y.1965); 14 Wright, Miller & Cooper, § 3723. The purpose of this distinction is to protect against the possibility that a party might secure a reversal on appeal in state court of the non-diverse party's dismissal, *Squibb-Mathieson v. St. Paul, supra* at 599, quoting 14 Wright, Miller & Cooper, § 3723 at 595, producing renewed lack of complete diversity in the state court action, a result repugnant to the requirement in 28 U.S.C. § 1441 that an action, in order to be removable, be one which could have been brought in federal court in the first instance. By the time Judge Sifton came to decide the removability of this case, however, the time for plaintiffs to take an appeal from the involuntary dismissal of the non-diverse defendants had long passed, and no appeal by the plaintiffs had been taken. Thus he was correct in concluding that no appeal could occur which could produce the result, described above, forbidden by the statute. Under these circumstances, plaintiffs' failure to take an appeal constituted the functional equivalent of a "voluntary" dismissal.

*v. U. S. Fidelity & Guaranty Co.*, 428 F.2d 112, 115 (5th Cir. 1970), and in any event cannot bind an appellate court. Appellants' arguments as to waiver, full faith and credit and res judicata are baseless.

 Judge Sifton correctly held that this was not a proper case for abstention. It falls into none of the three categories described by the Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 814–16, 96 S.Ct. 1236, 1244–45, 47 L.Ed.2d 483,[3] and he so held. It is easily distinguishable from *Naylor v. Case & McGrath, Inc.*, 585 F.2d 557 (2d Cir. 1978), a case in which we ordered abstention when a similar suit challenging substantially the same advertisements came before us, because *Naylor* involved the construction of a new Connecticut statute. Complex and unsettled issues of state law, whose resolution might well affect broad policies of the state, were involved in *Naylor* but are not present here. New York law is clear that the plaintiffs do not have a cause of action under either the Penal Law prohibiting jury tampering, which may only be enforced by criminal prosecution, or the General Business Law's strictures on false advertising, which may only be enforced by the state attorney general. Under these circumstances and in light of the principle that "abstention cannot be ordered simply to give state courts the first opportunity to vindicate [a] federal claim," *Zwickler v. Koota*, 389 U.S. 241, 251, 88 S.Ct. 391, 397, 19 L.Ed.2d 444 (1967), abstention would have been inappropriate in this case.[4]

3. *Colorado River's* three categories are (1) cases in which the federal constitutional question might be mooted or altered by reason of a state court determination of state law; (2) cases involving difficult state law issues with broad public policy impact; and (3) cases in which restraint of state criminal proceedings is sought. 424 U.S. at 814–16, 96 S.Ct. at 1244–45.

4. Consequently, we need not rule on the district court's apparent partial reliance on two other reasons for declining to abstain: the fact that abstention was sought by the plaintiffs, rather than the defendant, and the fact that jurisdiction is based on diversity of citizenship. We doubt that the appropriateness of abstention pursuant to *Railroad Commission of Texas v.*

The judgment of the district court is affirmed.

*Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), turns on the fortuity of the identity of the party seeking it, *see* 17 Wright, Miller & Cooper, Federal Practice and Procedure, Civil: § 4243 at 471. Since the state law question does not warrant abstention in any event, we express no view on the difficult issue as to whether abstention is appropriate in a diversity case to seek state court clarification of a state law issue, and, if so, whether it is appropriate when the state law issue might affect the resolution of a federal law defense, especially one grounded on the First Amendment. *See Miller-Davis Co. v. Illinois State Toll Highway Authority*, 567 F.2d 323, 326 (7th Cir. 1977).