**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**VIRGIN ISLANDS PAVING, INC., and ST. THOMAS
QUARRIES, INC., Defendants**

Civil No. 82-56

District Court of the Virgin Islands

Div. of St. Thomas and St. John

June 24, 1982

SUSAN BRUCH, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for plaintiff*

TODD H. NEWMAN, ESQ., Christiansted, St. Croix, V.I., *for defendants*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

Plaintiff, Government of the Virgin Islands, has moved this Court to reconsider its Order of May 12, 1982, which denied plaintiff's request for a preliminary injunction in the above captioned litigation. For the reasons set forth below, plaintiff's motion will be denied.

In its supporting legal memorandum, plaintiff points out that this action for injunctive relief was instituted pursuant to the statutory provisions of 12 V.I.C. § 913(b), the Coastal Zone Management Act of 1978 (the "Act"), rather than Fed. R. Civ. P. 65(a). Section 913(b)(1) of the Act provides in pertinent part:

> Any person may maintain an action for declaratory and equitable relief to restrain any violation of this chapter. On a *prima facie showing* of a violation of this chapter, *preliminary equitable relief shall be issued* to restrain any further violation hereof. 12 V.I.C. § 913(b)(1) (Supp. 1980) (emphasis supplied).

██ At the hearing held on May 7 and May 10, 1982, the Court held that a preliminary injunction would issue only upon a clear showing by plaintiff of probable success on the merits and possible irreparable injury or a balance of hardships tipping in favor of the moving party, with the requirement that the moving party show possible irreparable injury.[1] See, e.g., Blackwelder Furniture Co. v. Selig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977); Sonesta International Hotels Corp. v. Wellington Associates, 483 F.2d 247, 250 (2d Cir. 1973). Plaintiff now claims that this Court erred by denying plaintiff's motion for a preliminary injunction pursuant to

---

[1] At the close of the hearing, the Court specifically found that plaintiff had made no showing of irreparable injury and that the balance of hardships, in fact, tipped in favor of defendants.

the federal standard of Rule 65,[2] instead of the specific "prima facie" standard set forth in the Virgin Islands statute.

■ Because Rule 65(a) governs the issuance of a preliminary injunction, it has been held that an important federal policy is involved when a person seeks such relief in a federal court. Consequently, federal, rather than state law, should apply in an action seeking injunctive relief. Federal Leasing, Inc. v. Underwriters at Lloyd's, 487 F.Supp. 1248, 1260–61 (D. Md. 1980). See also 11 C. Wright & A. Miller, Federal Practice and Procedure § 2943 at 391 (1973).

■ Because the standard for determining whether to grant a preliminary injunction has been traditionally deemed to be procedural, not substantive, the federal standard is controlling. See Niagara Mohawk Power Corp. v. Graver Tank & Manufacturing Co., 470 F.Supp. 1308, 1312 (N.D.N.Y. 1979). As was aptly stated by the Third Circuit in Black & Yates v. Mahogany Ass'n, Inc., 129 F.2d 227, 233 (3rd Cir. 1941), relying upon Sprague v. Ticonic National Bank, 307 U.S. 161 (1939):

> The rule of Erie R. Co. v. Thompkins being determinative of substantive rights, there is still preserved to the federal courts a uniform basis for granting equitable remedies in cases in which substantive rights have arisen under state law.

■ Federal Rule 65 should control this Court's determination of injunctive relief for two reasons. First, since the provisions of Rule 65 are procedural in nature, they merely provide the procedures by which this federal Court can adjudicate the case brought by plaintiff. Second, the application of the federal rule will not impair any "state" interests of the Virgin Islands or impair the goals of any right created under the Act, insofar as orders under Rule 65 are only temporary and plaintiff's rights under the Act will be adjudicated in accordance with Virgin Islands substantive law. See 11 Wright & Miller § 2943 at 391.

■ In light of the foregoing, and because preliminary injunction has consistently been held to be an extraordinary and drastic remedy which should be granted or denied in the sound discretion of the court, Canal Authority of State of Florida v. Callaway, 489 F.2d

---

[2] Although Rule 65 does not expressly provide any particular standards for granting or denying a preliminary injunction, it has been viewed as a "codification of traditional federal equity practice". 11 C. Wright and A. Miller, Federal Practice and Procedure § 2943 at 391 (1973).

567, 572–73 (5th Cir. 1974); Quinn v. Aetna Life & Casualty Co., 482 F.Supp. 22, 28 (E.D.N.Y. 1979), aff'd, 616 F.2d 38 (2d Cir. 1980), plaintiff's motion for reconsideration will be denied.