**Paula STRASSER, Plaintiff,**

v.

**KLM ROYAL DUTCH AIRLINES, a corporation, et al., Defendants.**

**No. CV 85–3797–RJK.**

United States District Court,
C.D. California.

March 31, 1986.

Atkinson, Andelson, Loya, Fuud & Romo, Patricia Stearns Eyres, Marilou F. Mirkovich, Cerritos, Cal., for plaintiff.

Paul, Hastings, Janofsky & Walker, James A. Zapp, Los Angeles, Cal., Burns Summit Rovins & Feldesman, Richard A. Wilsker, New York City, for defendants.

## MEMORANDUM OF DECISION AND ORDER

KELLEHER, Senior District Judge.

### I. BACKGROUND

This Court has under submission a motion by plaintiff Paula Strasser to remand this action to the Superior Court of California for the County of Los Angeles. Plaintiff filed her action in state court on June 3, 1981 against KLM Royal Dutch Airlines ("KLM"), her former employer, three individual managers of KLM—Pierre Doley, William Ouwehand, and Norene Wilson, and fictitious defendants "Does 1 through 20, inclusive." The Does, despite extensive procedural history in state court, have never been identified by plaintiff, and, under the allegations of plaintiff's state court complaint, they may be disregarded for purposes of this Court's subject matter jurisdiction. *See Hartwell Corp. v. Boeing Co.,* 678 F.2d 842 (9th Cir.1982); *Chism v. National Heritage Life Insurance Co.,* 637 F.2d 1328, 1330 (9th Cir.1981). Plaintiff's complaint alleged the following

causes of action against the following defendants: (1) breach of contract against KLM; (2) breach of the covenant of good faith and fair dealing against KLM; (3) wrongful interference with contractual relations against Doley, Ouwehand, and Wilson, and (4) intentional infliction of emotional distress against all defendants.

On September 4, 1981, KLM removed the action to this Court under 28 U.S.C. §§ 1332(a), 1441(a). In its petition for removal, KLM claimed that the non-diverse defendants—Doley, Ouwehand, and Wilson—and the Doe defendants had been fraudulently joined in order to destroy diversity jurisdiction. Specifically, KLM claimed that the third and fourth causes of action failed to state a claim on which relief could be based against any of the individual or Doe defendants. Strasser filed a motion for remand, arguing that the third and fourth causes of action stated valid claims upon which relief could be granted against the individual defendants. On January 12, 1982, this Court granted plaintiff's motion and remanded the case.

On January 16, 1985, at the trial setting conference in the Los Angeles County Superior Court, plaintiff dismissed all parties that had not been served or otherwise appeared including all Doe defendants. On May 23, 1985, the state court granted summary judgment in favor of defendants Doley, Ouwehand, and Wilson, thereby eliminating all non-diverse parties from the action. The state court also granted KLM's motion for summary judgment regarding plaintiff's fourth cause of action. Thus the only remaining causes of action were plaintiff's first and second against KLM only.

On June 7, 1985 KLM filed a petition for removal with the United States District Court for the Central District of California in case No. CV–85–3797–PAR under 28 U.S.C. § 1446(b). On December 19, 1985, six months later, plaintiff filed the present motion to remand. KLM filed timely opposition. The court waived oral argument pursuant to Local Rule 7.11 and Fed.R. Civ.P. 78, and took the case under submission. Subsequently, the case was transfer-

red to this Court, where the case had been earlier removed and remanded. This Court now grants plaintiff's motion.

## II. ANALYSIS

### A. THE VOLUNTARY/INVOLUNTARY RULE

■ It is well established that diversity of citizenship, as the basis of removal jurisdiction, must exist both when an action is filed in state court and when defendant petitions for removal to federal court. 14A Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3723 p. 312 (1985). An exception to this rule applies when a plaintiff, by a "voluntary act," terminates his state court action against all non-diverse parties. *Id.* at 314, 316. The effect of this exception is that federal jurisdiction will lie whenever dismissal of non-diverse defendants results from the plaintiff's voluntary act, even though diversity was lacking when the action was originally filed in state court. This exception operates to nullify the "danger that a plaintiff might join a non-diverse defendant merely to defeat jurisdiction, and then dismiss the suit as to that defendant." *Id.* at 314.

When Strasser initiated this suit, some of the defendants were California citizens. This Court has previously ruled that their joinder was not fraudulent. After the first remand, the state court granted these defendants' motions for summary judgment. They were thus dismissed on the merits, over plaintiff's opposition—the paradigm instance of "involuntary dismissal." KLM now invokes federal jurisdiction solely on grounds of diversity. The only issue presently before this Court is whether the non-diverse defendants were dismissed by a "voluntary act" on plaintiff's part.

### B. FUNCTIONAL EQUIVALENCE DOCTRINE

KLM argues that plaintiff's failure to appeal in state court, combined with her delay in bringing this motion, constitute the "functional equivalent of a 'voluntary act.'" *Quinn v. Aetna Life & Casualty*

*Co.,* 616 F.2d 38, 40 n. 2 (2nd Cir.1980). Specifically, KLM asserts that because (1) the 60 day deadline for plaintiff's perfecting a state appeal has long passed, and (2) plaintiff failed to move for remand months ago, this Court now has subject matter jurisdiction although it was indisputably lacking on the day KLM petitioned for removal.

The entire discussion in *Quinn* reads as follows:

> The district court had subject matter jurisdiction over this action despite the line of cases holding that, even under the 1949 amendment to 28 U.S.C. § 1446(b), the involuntary dismissal of non-diverse parties does not make an action removable. The purpose of this distinction is to protect against the possibility that a party might secure a reversal on appeal in state court of the non-diverse party's dismissal, producing renewed lack of complete diversity in the state court action, a result repugnant to the requirement in 28 U.S.C. § 1441 that an action, in order to be removable, be one which could have been brought in federal court in the first instance. By the time Judge Sifton came to decide the removability of this case, however, the time for plaintiffs to take an appeal from the involuntary dismissal of the non-diverse defendants had long passed, and no appeal by the plaintiffs had been taken. Thus he was correct in concluding that no appeal could occur which could produce the result, described above, forbidden by the statute. Under these circumstances, plaintiffs' failure to take an appeal constituted the functional equivalent of a "voluntary" dismissal. (citations omitted).

616 F.2d at 40 n. 2. The issue of removal jurisdiction, though not contested on appeal, had to be decided to dispose of *Quinn;* hence the functional equivalence doctrine, technically, is not dictum. *Quinn,* however, is distinguishable from the instant case.

### 1. *Plaintiff's Failure to Appeal in State Court*

The court in *Quinn* found, as a matter of New York law, that plaintiff's time for appeal had "long passed." That has not been established as a matter of California law in this case. It is unclear under what circumstances a California state court would hear an appeal from summary judgment, granted in favor of one defendant, before the remaining action proceeds to final judgment. Assuming *arguendo* such an appeal would be heard in this case, KLM still has failed to show that plaintiff's time for filing an appeal has lapsed. This is because upon KLM's petitioning for removal the state court was deprived of all power to proceed under 28 U.S.C. § 1446(e).

■ Given the state court's lack of jurisdiction to record and process plaintiff's notice of appeal, and hence given the suspension of plaintiff's right to file for appeal, it appears the 60 day deadline imposed by Cal.Rule of Court 2(a) would be tolled upon KLM's filing for removal. No California case directly addresses this issue; however, to hold otherwise would enable defendants to abbreviate the 60 day period by petitioning for removal when no defensible grounds for claiming federal jurisdiction exist. As explained below at Part II B 2, this is precisely the course taken by KLM. Assuming plaintiff's time for appealing was tolled when KLM petitioned for removal (14 days after summary judgment for non-diverse defendants was granted), plaintiff may yet have an unexpired period of 46 days in which to appeal under California law. *See Avery v. Associated Seed Growers,* 211 Cal.App.2d 613, 27 Cal.Rptr. 625, 638 (1963) (generally, "where the right of appeal is suspended, an appeal may be taken within the period provided by law after such right is restored.")

In sum, plaintiff's right to appeal in state court may be largely unexpired; it cannot be said she has waived her rights under California law. The *Quinn* court's concern that "no appeal could occur," 616 F.2d at 40 n. 2, is not satisfied here.

### 2. *Plaintiff's Delay in Moving for Remand*

■ Any case removed to this Court which fails to satisfy the voluntary/invol-

untary test must be remanded for lack of federal subject matter jurisdiction. *Self v. General Motors Corp.*, 588 F.2d 655, 660 n. 6 (9th Cir.1978). No action, much less inaction, by either party can confer federal subject matter jurisdiction. *See Indianapolis v. Chase National Bank*, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941) (lack of subject matter jurisdiction so vital it can be raised for the first time after case has reached Supreme Court). Nevertheless, KLM urges that plaintiff improperly delayed in bringing this motion and *Quinn* should therefore control.

■ This motion was necessitated only by KLM's improper removal. Since KLM's removal petition showed that the original parties were not diverse and that non-diverse defendants were eliminated by summary judgment, it is indisputable, under *Self*, that when KLM petitioned for removal, federal jurisdiction was lacking. As a result, the United States District Court to which this action was removed came under an immediate and continuing duty to remand the case on its own motion; no action by plaintiff, timely or otherwise, was or is required. *See Washington Local Lodge No. 104 v. International Brotherhood of Boilermakers*, 621 F.2d 1032, 1033 (9th Cir.1980) ("court must raise the issue even if the parties are willing to stipulate to federal jurisdiction"); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983) ("the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction"). Remand, on the court's own motion if necessary, is also commanded by the mandatory provisions of 28 U.S.C. § 1447(c).

■ Hence plaintiff Strasser's inaction following involuntary dismissal of Doley, Ouwehand and Wilson is not equivalent to a voluntary act even under *Quinn*.

### 3. *Validity of Functional Equivalence Doctrine*

The functional equivalence doctrine, even if satisfied on the facts of this case, cannot control because *Quinn* conflicts with *Self*. The functional equivalence doctrine assumes "[t]he purpose of th[e voluntary/involuntary] distinction is to protect against the possibility that a party might secure a reversal on appeal in state court of the non-diverse party's dismissal, producing renewed lack of complete diversity...." *Quinn* 616 F.2d at 40 n. 2. From this premise the *Quinn* court reasoned that finality of state court proceedings adequately protects against renewed non-diversity and, hence, plaintiff's failure to preserve her state court right of appeal operates as the functional equivalent of a voluntary act. *Id.*

The Ninth Circuit panel in *Self*, by contrast, rejected "the finality of state court proceedings [as] the basis for the [voluntary/involuntary] rule," noting that: "The Supreme Court, however, apparently does not rely on this basis as evidenced by *Lathrop, Shea & Co. [v. Interior Const. & Imp. Co.]*, 215 U.S. [246] at 249–51, 30 S.Ct. 76 [at 77–78, 54 L.Ed. 177 (1909)], where the voluntary-involuntary rule was invoked to prohibit removal though state appellate process was complete." 588 F.2d at 658.

Furthermore, finality considerations fail to satisfactorily explain the voluntary/involuntary rule because so long as the state appellate process is complete, it makes no functional difference whether dismissal was secured voluntarily or involuntarily. *Quinn*, therefore, effectively abolishes the entire voluntary/involuntary distinction. *See Allied Programs Corp. v. Puritan Ins. Co.*, 592 F.Supp. 1274, 1277 (S.D.N.Y.1984) ("the involuntary dismissal of the claim against the non-diverse party will afford the defendant an opportunity once again to remove the case. *See Quinn*.")

■ The voluntary/involuntary rule, whatever its rationale, has been established by Supreme Court caselaw; it may not be abolished by inferior courts.[1]

---

1. *See Self*, 588 F.2d at 660 n. 6:

If this court were free to fashion its own application of the voluntary-involuntary rule,

### III. CONCLUSION

For the foregoing reasons, subject matter jurisdiction is lacking in this case. Accordingly, the case is hereby ORDERED remanded to the Superior Court for the State of California for the County of Los Angeles.

we might well be persuaded that on the facts of this case, the rule should be modified to allow removal. Lacking that freedom, however, we are obliged to follow the formalistic approach adopted by the Supreme Court.