Heather Marie USHMAN, by Cindy USHMAN, her mother and next friend, Plaintiff,

v.

STERLING DRUG, INC., and Memorial Medical Center, Defendants.

No. 87-3289.

United States District Court, C.D. Illinois, Springfield Division.

March 22, 1988.

---

Bruce Cook, Belleville, Ill., for plaintiff.

Randall A. Mead, Springfield, Ill., Haight, Dickson, Brown & Bonesteel, Santa Monica, Cal., for defendants.

## OPINION

RICHARD MILLS, District Judge:

A question of removal.

Specifically, the "voluntary-involuntary" rule.

It is a viable doctrine which is here applicable.

The case is remanded to state court.

This cause is before the Court on the recommendation of United States Magistrate Charles H. Evans. Pursuant to 28 U.S.C. § 636(b)(1), the Court has made a *de novo* review of the objections to the Magistrate's recommendation filed herein.

The able recommendation will be adopted.

## I. FACTS

On November 25, 1986, Plaintiff filed a complaint against Defendants in state court seeking damages for injuries she incurred during her birth. Plaintiff alleged that Defendant Sterling manufactured a defective, unreasonably dangerous drug, and that Defendant Memorial Medical Center ("Memorial"), by and through its agents, negligently administered the drug. Plaintiff did not file the physician's report or affidavit of merit required by Ill.Rev. Stat. ch. 110, ¶ 2–622. On June 30, 1987, the state court granted Defendant Memorial's motion to dismiss pursuant to § 2–619 and § 2–622 of the Illinois Code of Civil

Procedure. On or about July 8, 1987, Plaintiff filed a notice of appeal from the trial court's order of dismissal. On July 30, 1987, Defendant Sterling filed a petition to remove the cause to this Court on the grounds of diversity jurisdiction. Defendant Sterling claimed that diversity became complete with the dismissal of Defendant Memorial, an Illinois resident, from the lawsuit. Plaintiff is a resident of Illinois, and Defendant Sterling a resident of New York. The Plaintiff filed a motion to remand this case to the state court. While Plaintiff's motion was pending, the state appellate court affirmed the lower court's decision. Plaintiff has filed a petition for rehearing.

The issue: Whether a case can be removed from the state court by a non-resident defendant, on diversity grounds, where multiple defendants are involved—one resident and one non-resident—and the resident defendant has been dismissed by the state trial court and the plaintiff appeals that ruling, where no action is taken by the state trial court against the non-resident defendant.

The issue is resolved by application of the "voluntary-involuntary" rule developed by the Supreme Court to govern the propriety of removal in cases such as that presented here. Though the question involved here has been addressed in other circuits, there is no Seventh Circuit authority to guide our decision.

## II. HISTORY

A history of the development of the voluntary-involuntary rule is provided in *Self v. General Motors Corp.*, 588 F.2d 655 (9th Cir.1978). The Supreme Court has developed the "voluntary-involuntary" rule which requires that a suit remain in state court unless a "voluntary" act of the plaintiff brings about a change that renders the case removable. The rule originated in the nineteenth century case of *Powers v. Chesapeake & Ohio Ry.*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898). In *Powers,* when the action originally was filed in state court, complete diversity was lacking between the parties. After the time for removal had elapsed, however, the plaintiff dismissed the non-diverse defendant, leaving only diverse parties remaining in the action. In allowing removal, the Supreme Court held that the time for removal begins to run only after complete diversity occurs and that the plaintiff's delay in dismissing one of the defendants did not defeat removal.

The next case in the development of this rule was *Whitcomb v. Smithson,* 175 U.S. 635, 20 S.Ct. 248, 44 L.Ed. 303 (1900). There, a directed verdict had been ordered in favor of the non-diverse defendants, arguably making the case appropriate for removal. The Supreme Court found that the lower court's directed verdict required a result different from that resulting from the plaintiff's voluntary dismissal in *Powers* :

> This [the directed verdict] was a ruling on the merits, and not a ruling on the question of jurisdiction. It was adverse to plaintiff, and without his assent, and the trial court rightly held that it did not operate to make the cause then removable and thereby to enable the other defendants to prevent plaintiff from taking a verdict against them.

*Id.* at 638, 20 S.Ct. at 250.

That only a voluntary act of the plaintiff could bring about removal to federal court became the established rule in later cases. *Self,* 588 F.2d at 657-58.

## III. POLICY CONSIDERATIONS

Various policy considerations are asserted as being the basis for the voluntary-involuntary rule. Most prominent among these considerations is to protect the plaintiff's choice of forum for as long as he wishes it to be protected (in other words, until he makes a voluntary move to make removal possible). The Supreme Court has stated: "[I]n the absence of a fraudulent purpose to defeat removal, the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case ... and ... this power to determine the removability of his case continues with the plaintiff throughout the litigation...." *Great Northern Ry. v. Al-*

*exander,* 246 U.S. 276, 281–82, 38 S.Ct. 237, 239–40, 62 L.Ed. 713 (1918).

An additional purpose of the rule has been put forth: to prevent removal where state court proceedings are not yet final, thus raising the possible necessity of remanding the case to the state court. *Vidmar Buick Co. v. General Motors Corp.,* 624 F.Supp. 704, 707 n. 5 (N.D.Ill.1985). *But see Lathrop, Shea & Henwood Co. v. Interior Constr. & Improvement Co.,* 215 U.S. 246, 30 S.Ct. 76, 54 L.Ed. 177 (1909) (a pre–1949 case holding that even though state appellate process was complete, removal was still prohibited); *Jenkins v. National Union Fire Ins. Co. of Pa.,* 650 F.Supp. 609, 613–14 (N.D.Ga.1986) (citing several Supreme Court decisions where removal was held improper even though state court proceedings were final as to the non-diverse party).

## IV. THE 1949 AMENDMENT

In 1949, the removal provision at 28 U.S.C. § 1446(b) was amended to provide, for the first time, for removal of cases which were not removable on the initial pleading.[1] Although this amendment was meant only to codify existing case law, *see* 2 U.S.Code Cong.Serv. 1248, 1268, 81st Cong., 1st Sess. (1949) ("This [amendment] is declaratory of the existing rule laid down by the decisions")[2], Defendant argues that the amendment abolished the voluntary-involuntary rule.

The seminal case since the 1949 amendment to the removal statute is *Weems v. Louis Dreyfus Corp.,* 380 F.2d 545 (5th Cir.1967). After examining the origins of the voluntary-involuntary rule and the history of the 1949 amendments to § 1446(b), the *Weems* court concluded that

the intended effect of the amendment apparently is to affirm the general principle decided in *Powers,* namely, that a case nonremovable when commenced can later become removable.... However, the issue of what kind of order makes the case removable, traditionally resolved by the voluntary-involuntary rule, does not seem to have been dealt with.... Hence, it would seem that the voluntary-involuntary rule was not affected by the amendment, and therefore remains part of today's applicable case law.

*Weems,* 380 F.2d at 548.

In *Self v. General Motors Corp.,* 588 F.2d 655 (9th Cir.1978), the Court of Appeals for the Ninth Circuit used both pre- and post–1949 cases to determine that, not only is the voluntary-involuntary rule still viable, but the Court further stated:

[Defendant] has made a determined effort to explain why the facts of the present appeal argue for a relaxation of the formal rule. [Defendant] has pointed out that a final judgment has been rendered against the non-diverse party so that on retrial the only parties in interest will be diverse citizens. Consequently, on the face of the plaintiff's pleadings, the same diversity exists in this case that would exist if the plaintiff had voluntarily dismissed the non-diverse party.

If this court were free to fashion its own application of the voluntary-involuntary rule, we might well be persuaded that on the facts of this case, the rule should be modified to allow removal. Lacking that freedom, however, we are obliged to follow the formalistic approach adopted by the Supreme Court.

---

**1.** The amendment read:

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*See Weems v. Louis Dreyfus Corp.,* 380 F.2d 545, 547 (5th Cir.1967).

**2.** Concerning the 1949 amendments, the *Self* court stated:

The proper time for removal is governed by 28 U.S.C. § 1446(b). This statute was amended to substantially its present form in 1949. Act of May 24, 1949, 63 Stat. 101, ch. 139, § 83. The voluntary-involuntary rule was not altered by that amendment. *See* 2 U.S.Code Cong.Serv. 1268, 81st Cong., 1st Sess. (1949); *Weems v. Louis Dreyfus Corp.,* 380 F.2d 545, 547–48 (5th Cir.1967).

*Self,* 588 F.2d at 658 n. 4.

*Self,* 588 F.2d at 660 n. 6. Thus, in this 1978 case, the Ninth Circuit believed it was still fully bound by pre–1949 Supreme Court precedent (the court was, most specifically, alluding to *American Car & Foundry Co. v. Kettelhake,* 236 U.S. 311, 35 S.Ct. 355, 59 L.Ed. 594 (1915)) with respect to the voluntary-involuntary rule, the 1949 amendment notwithstanding.

In *Self,* Judge Ely dissented from this position, however, arguing that "I cannot, absent plain and unequivocal direction from the Supreme Court, accede to the proposition that the Court has fashioned and perpetuated a formalistic and artificial rule of procedure devoid of any supporting rationale." *Self,* 588 F.2d at 660 (Ely, J., dissenting). Judge Ely argued that the voluntary-involuntary rule rests upon notions of comity and judicial efficiency with the principal consideration being finality. Thus, the thrust of Judge Ely's argument is that the only time the rule should be applied to prevent removal is where the non-diverse citizen's presence in the suit has not yet finally been determined by the state courts. The Second Circuit has advocated a similar view in *Quinn v. Aetna Life & Casualty Co.,* 616 F.2d 38, 40 n. 2 (2d Cir.1980). There, the Court held that plaintiff's failure to appeal the non-diverse defendant's involuntary dismissal constituted the "functional equivalent" of a voluntary dismissal.

In addition to the Fifth and Ninth Circuits, the voluntary-involuntary rule has been followed in post–1949 amendment cases in the Eighth Circuit, *In re Iowa Mfg. Co.,* 747 F.2d 462 (8th Cir.1984), and the Tenth Circuit, *DeBry v. Transamerica Corp.,* 601 F.2d 480 (10th Cir.1979). Further, the rule has been adopted by district courts in the following circuits: First (*New England Explosives Corp. v. Maine Ledge Blasting Specialist, Inc.,* 542 F.Supp. 1343, 1347 (D.Me.1982)); Third (*Cook v. Pep Boys—Mannie, Moe & Jack, Inc.,* 641 F.Supp. 43, 45–46 (E.D.Pa.1985)); Fourth (*Warren Brothers Co. v. Community Building Corp. of Atlanta, Inc.,* 386 F.Supp. 656, 659–60 (M.D.N.C.1974)); Sixth (*Hopkins Erecting Co. v. Briarwood Apartments of Lexington,* 517 F.Supp. 243, 249–50 (E.D.Ky.1981)); and Eleventh

*Jenkins v. National Union Fire Ins. Co. of Pa.,* 650 F.Supp. 609 (N.D.Ga.1986).

Finally, this Court's research has not uncovered any Seventh Circuit cases which have spoken on the rule. Similarly, no Illinois district court cases have been found which have directly ruled on the issue. However, while finding that the case before him fell into the exception to the voluntary-involuntary rule—that being where a party is joined fraudulently to defeat removal—Judge Nordberg of the Northern District of Illinois stated:

> It is obvious that the plain language of Section 1446(b) does not mandate the voluntary/involuntary distinction. In fact, there has been some debate as to whether Congress intended to abolish the distinction when it amended Section 1446(b) in 1949....

*Vidmar Buick Co. v. General Motors Corp.,* 624 F.Supp. at 706. However, he conceded that the majority of cases have found the distinction to remain viable.

In *Ford Motor Credit Co. v. Aaron–Lincoln Mercury, Inc.,* 563 F.Supp. 1108, 1116–17 (N.D.Ill.1983), Judge Marshall, in allowing removal under § 1441(c) based on a third party action, held that such removal was not prohibited under § 1446(b)'s voluntary-involuntary rule even though there was no voluntary action on plaintiff's part. He rested his decision on "separate and independent claim" grounds, adding "the underlying purposes of section 1446(b) are not offended by removal in this case." *Aaron–Lincoln,* 563 F.Supp. at 1117.

There is very little contrary authority to the above cited cases. In addition to *Quinn,* the only contrary authority found by the Court is: *Lyon v. Illinois Central R.R.,* 228 F.Supp. 810, 811 (S.D.Miss.1964); *Parkhill Produce Co. v. Pecos Valley S. Ry.,* 196 F.Supp. 404, 406–07 (S.D.Tex. 1961); and *Bradley v. Halliburton Oil Well Cementing Co.,* 100 F.Supp. 913, 916–17 (E.D.Okla.1951). However, the first two cited cases are Fifth Circuit cases which are effectively overruled by *Weems.* Likewise, the third case is effectively overruled by the Tenth Circuit's decision in *DeBry.*

## V. DEFENDANT'S OBJECTIONS

Defendant asserts three arguments in opposition to the Magistrate's recommendation. *First,* Defendant states in its "Objections to Magistrate's Recommendation" that: "The wording of the present removal statute, 28 U.S.C. Sec. 1446(b) does not incorporate the voluntary/involuntary rule. The effect of this amendment under the rules of statutory construction, is Congressional abolition of the voluntary/involuntary rule." The Court regrets that Defendant chose not to share these rather novel "rules of statutory construction" with the Court, as the above-quoted assertion was made without supporting authority. Peculiarly, the only authority the Court could find was quite to the contrary of Defendant's proposed rule. In *Atkins v. United States,* 556 F.2d 1028, 214 Ct.Cl. 186 (1977), *cert. denied,* 434 U.S. 1009, 98 S.Ct. 718, 54 L.Ed.2d 751 (1978), the court stated the rule:

> A cardinal principle of statutory interpretation is that, in the absence of a clearly expressed intent to the contrary, the revision or recodification of a statute indicates approval of court interpretations of the statute made prior to reenactment. Also, it is not presumed that the common law is changed by the passage of a statute which gives no indication that it proposes such a change.

*Id.* 556 F.2d at 1039–40; *see also Devine v. White,* 697 F.2d 421, 431 n. 42 (D.C.Cir. 1983) ("In the absence of a congressional indication to the contrary, we generally presume that legislation was not intended to change the common law."); *Bush v. Oceans International,* 621 F.2d 207, 211 n. 4 (5th Cir.1980) (change in the status quo should not be inferred unless Congress has unmistakably indicated an intent to the contrary); *cf. Kelly v. Wauconda Park District,* 801 F.2d 269, 272 (7th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1592, 94 L.Ed.2d 781 (1987).

■ *Next,* Defendant argues that our decision here conflicts with an earlier decision of this Court. *Ellis v. Breon Laboratories, Inc.,* No. 87–3009 (C.D.Ill. Aug. 14, 1987) (unpublished order adopting Magistrate's recommendation denying plaintiff's motion to remand). In *Ellis,* this Court found there to be fraud in the initial pleading in state court wherein plaintiff joined nondiverse parties solely to defeat removal. This, of course, presents an exception to the voluntary-involuntary rule and allows removal without a voluntary act on plaintiff's part. *See Vidmar Buick,* 624 F.Supp. at 707. However, in the instant case, we concur in the Magistrate's finding that there was no fraud involved in the initial pleading even though the nondiverse defendant was dismissed by the state trial court. This dismissal arose over a technical violation by Plaintiff of the Illinois Medical Malpractice Statute and not from a failure to state a cause of action against the dismissed defendant, as is required to invoke the exception. *See Lewis v. Time, Inc.,* 83 F.R.D. 455, 460 (E.D.Cal.1979), *aff'd,* 710 F.2d 549 (9th Cir.1983).

*Finally,* Defendant asserts that because of the "difficult issue" involved here, this Court should deny Plaintiff's motion so that the Seventh Circuit could review the issue, which it will be unable to do if the motion is allowed. Defendant states that this "would seem the logical thing to do." First of all, this Court is not in the business of making work for the appellate court. Second, this Court is bound to decide this cause according to the law as this Court views it. We are not free to "set up" precedent setting cases for the appellate court. Lastly, the voluntary-involuntary rule "has been established by Supreme Court caselaw; it may not be abolished by inferior courts." *Strasser v. KLM Royal Dutch Airlines,* 631 F.Supp. 1254, 1258 (C.D.Cal.1986).

This is precisely what Defendant urges us to do.

We will not.

## VI. CONCLUSION

■ Clearly, the *Self* decision presents the majority view. However, under either the majority view (as expressed in *Self*) or the minority view (as expressed in Judge Ely's dissent and *Quinn* ), removal in the instant case would not be proper because

the non-diverse party's existence in the suit has not yet finally been determined by the appellate court of Illinois. There is little question among the cases that the voluntary-involuntary rule has survived the 1949 amendments.

The only real issue seems to be whether the purpose of the rule is to protect plaintiff's forum (majority rule) or to ensure finality of the claim against the non-diverse party (minority rule). Under either rationale, removal would be improper in this case as Plaintiff's claim against the non-diverse party has not been finally adjudicated in the state courts. As the Court believes the majority rule is the proper course to follow, however, removal would not be allowed in this case even if the state court proceedings were final. We find that this is a separate and independent ground for allowing the motion to remand.

*Ergo*, the Magistrate's recommendation will be followed. Plaintiff's motion to remand this cause is ALLOWED. This cause is hereby remanded to the Circuit Court, Seventh Judicial Circuit, Sangamon County, Illinois.