### Rita BLACKWOOD, Plaintiff,

v.

### Dr. Donn D. THOMAS, individually; Medical Engineering Corp., d/b/a Surgitek, a subsidiary of Bristol–Meyers/Squibb Company, a Delaware corp.; Surgitek, Inc., a subsidiary of Medical Engineering Corporation, a Wisconsin corp.; Bristol–Meyers/Squibb Company, a Delaware corp.; Dow Corning Corporation, a Michigan corp.; and Dow Corning Wright, a subsidiary of Dow Corning Corporation, Defendants.

Civ. A. No. 94–S–1131.

United States District Court,
D. Colorado.

June 14, 1994.

Bradley B. Pollock, Chad P. Hemmat, Bell & Pollock, P.C., Littleton, CO, for plaintiff.

C. Michael Montgomery, Joyce L. Jenkins, Montgomery, Green, Jarvis, Kolodny & Markusson, P.C., Denver, CO, for Dow Corning Corp. and Dow Corning Wright.

David Little, Montgomery Little & McGrew, Englewood, CO, for Medical Eng. Corp., Bristol–Meyers/Squibb and Surgitek.

Rebecca L. Crotty, Cooper & Kelley, P.C., Denver, CO, for Dr. Donn Thomas.

## ORDER OF REMAND

SPARR, District Judge.

THIS MATTER comes before the court on the Plaintiff's Motion for Remand, filed May 18, 1994. The court has reviewed the motion, Defendants Dow Corning Corp.'s and Dow Corning Wright Corp.'s response, the Plaintiff's reply, and the applicable law and is fully advised in the premises. The issue before the court is whether this civil action should be remanded to state court where the case was removed immediately after the only resident defendant was dismissed by the state court for failure to file a certificate of review as required by Colo.Rev.Stat. § 13–20–602(4).

28 U.S.C. § 1446(b) provides in pertinent part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The general rule is that removal pursuant to § 1446(b) is not proper unless a "voluntary" act of the plaintiff brings about a change that renders a case subject to removal which had not been removable before the change. *See Powers v. Chesapeake & Ohio Ry.*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898); *DeBry v. Transamerica Corp.*, 601 F.2d 480, 487–88 (10th Cir.1979); *Self v. General Motors Corp.*, 588 F.2d 655 (9th Cir.1978); *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 548 (5th Cir.1957); *Ushman by Ushman v. Sterling Drug, Inc.*, 681 F.Supp. 1331, 1333–37 (C.D.Ill.1988); *Miller v. Stauffer Chemical Co.*, 527 F.Supp. 775, 778 (D.Kan.1981). Removal pursuant to § 1446(b) has also been considered improper where the non-diverse citizen's presence in the suit has not yet been determined by the state courts. *Self*, 588 F.2d at 660 (Ely, J., dissenting).

One exception to the general rule prohibits remand where a party is found to have been fraudulently joined solely to defeat removal. *Vidmar Buick Co. v. General Motors Corp.*, 624 F.Supp. 704, 706–07 (N.D.Ill.

1985); *Spence v. Flynt*, 647 F.Supp. 1266, 1271 (D.Wyo.1986). The removing party who claims fraudulent joinder has the burden of pleading such with particularity and supporting it with clear and convincing evidence; it must prove the non-liability of the defendant as a matter of fact or law. *Spence*, 647 F.Supp. at 1271 (citations omitted). In deciding whether removal was proper, the court must not pre-try the issues, but may pierce the pleadings and determine the basis of joinder by any means available. *Spence*, 647 F.Supp. at 1271, citing *McLeod v. Cities Service Gas Co.*, 233 F.2d 242 (10th Cir.1956).

Here, the Defendants argue that the naming of Dr. Thomas as a defendant under the Deceptive Trade Practices claim was fraudulent and intended to prevent removal. On or about June 10, 1993, Plaintiff filed her original complaint in Denver District Court against the nonresident corporate defendants and the resident defendant, Dr. Thomas. The Plaintiffs' only claim against Dr. Thomas was for negligence. On January 19, 1994, the Denver District Court denied Defendant Thomas' motion for judgment on the pleadings because the statute of repose issue presented factual questions not appropriately determined by the motion. On February 28, 1994, over objection by Defendant Thomas that Colo.Rev.Stat. § 6–1–105 did not state a valid claim against Dr. Thomas, the Denver District Court permitted Plaintiff to amend her complaint to add a claim against all the Defendants for Deceptive Trade Practices under Colo.Rev.Stat. § 6–1–105. On May 9, 1994, the Denver District Court granted Defendant Thomas' motion to dismiss for failure to file a certificate of review. In the court's view, the deceptive trade practices claim against Dr. Thomas required professional testimony and a certificate of review. The Plaintiff indicates that she has a motion for reconsideration pending before the Denver District Court.

Based on all the above considerations, the court believes that remand is proper in this case. First, the addition of a claim for Deceptive Trade Practices did not bring about a change that rendered the case removable. Dr. Thomas was already named in the negligence claim. Second, the dismissal of Dr. Thomas cannot accurately be characterized as a "voluntary" act of the Plaintiff. She resisted Defendant Thomas' motion to dismiss because she did not believe a certificate of review was necessary for her Deceptive Trade Practices claim. Third, Defendant Thomas has not shown by clear and convincing evidence that the Plaintiff fraudulently joined Dr. Thomas. The Denver District Court accepted the Plaintiff's amended complaint over Dr. Thomas' objection that the Deceptive Trade Practices claim did not state a claim against him. Defendant Thomas was dismissed based on the Plaintiff's technical failure to file a certificate of review, not based on any legal judgment about the viability of the Deceptive Trade Practices claim against him. The diverse Defendants have not proven the non-liability of Defendant Thomas as a matter of fact or law. Fourth, the Plaintiff has requested reconsideration by the Denver District Court of the dismissal of Defendant Thomas. Plaintiff indicates that she intends to pursue her appeal rights on this issue in the Colorado courts. The state courts have not finally determined the validity of the Plaintiff's claim against the nondiverse party, Dr. Thomas.

Accordingly,

IT IS ORDERED that the Plaintiff's Motion for Remand is GRANTED. This civil action is hereby REMANDED to the District Court, City and County of Denver, State of Colorado.