Sandra Pettit DOWD, f/k/a Sandra J. Pettit individually and on behalf of all others similarly situated, Plaintiff,

v.

ALLIANCE MORTGAGE COMPANY, Defendant.

No. CV–04–183 TCP WDW.

United States District Court,
E.D. New York.

Aug. 31, 2004.

Irwin Popkin, Shirley, NY, for Plaintiff.

Joel M. Markowitz, Lamb & Barnosky, LLP., Melville, NY, for Defendant.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Before this Court are two motions:

1. Sandra Pettit Dowd ("Dowd" or "Plaintiff") moves pursuant to 28 U.S.C. § 1447(c) to remand the instant action to the Supreme Court of the State of New York, Suffolk County ("State Court"); and,

2. Alliance Mortgage Company ("Alliance" or "Defendant") moves to dismiss the instant action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

For the following reasons, Plaintiff's motion is **GRANTED** and Defendant's motion is **DENIED**, without prejudice.

### BACKGROUND

In 1998, Plaintiff obtained a $69,900 mortgage to purchase a single family condominium in Manorville, New York, which was serviced by Defendant. (Compl. at ¶¶ 6, 8); (Def. Mem. of Law at 2). In July of 2003, Plaintiff asked Defendant for a payoff statement in preparation for the sale of her condominium. (Compl. at ¶ 9). Defendant provided the payoff statement but charged an allegedly illegal "Priority Handling Fee" of $20 and unspecified "Ad-ditional Fees Due" for the service. (Compl. at ¶ 10).

Plaintiff subsequently commenced the instant purported class action in State court on December 4, 2003 by filing a verified complaint. Approximately one month later, Defendant allegedly became an operating subsidiary of First Alliance Bank, a federal savings bank. (Aff. Michael C. Koster at ¶ 3) ("Effective January 1, 2004, Alliance became an operating subsidiary of First Alliance Bank, a federal savings bank"). On January 16, 2004, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1331. On January 26, 2004, Plaintiff filed a Protective Notice of Motion to remand the instant litigation back to State Court, and filed an amended complaint in this Court. In both the verified complaint and the amended complaint, Plaintiff alleges claims of fraud, breach of contract, unjust enrichment, money had and received, conversion and violations of New York General Business Law ("GBL") 349(a) and New York Real Property Law ("RPL") 274–a, in connection with the fees charged by Defendant for providing the payoff statement.

### DISCUSSION

#### A. *Plaintiff's Motion to Remand*

Before turning to the merits of Plaintiff's motion, the Court must address an initial matter. Although Plaintiff argues that *both* its verified complaint (filed in State Court) and its amended complaint (filed in this Court) do not present claims which are removable, Defendant's removal petition was concerned only with the former. Accordingly, the rulings made herein on the issue of removability will apply only to Plaintiff's verified complaint.

Under 28 U.S.C. § 1441(a), "any civil action" commenced in State court may be removed to federal court if the latter

would have "original jurisdiction." *Id.* 28 U.S.C. § 1331 provides that federal courts "shall have original jurisdiction" over all civil cases "arising under" federal law. *Id.* "In order to determine whether a claim 'arises under' federal law, [a] court must look to the 'well pleaded' allegations in the complaint and ignore any anticipated federal defenses that might arise." *Jacobs v. ABN Amro Bank N.V.*, No. 03–4125, 2004 WL 869557, *1–2, 2004 U.S. Dist. LEXIS 6888, *3–*4 (E.D.N.Y. Apr. 21, 2004) (J., Garaufis) (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908)). Thus, "[r]emoval is proper only if the federal question appears plainly on the face of a 'well-pleaded complaint.'" *Fax Telecommunicaciones, Inc. v. AT & T*, 138 F.3d 479, 486 (2d Cir.1998).

Here, Defendant argues that this Court has federal question subject matter jurisdiction over the instant lawsuit (1) under the complete preemption exception to the well pleaded complaint rule, and (2) because the resolution of Plaintiff's state law claims requires interpretation of federal law. Each of Defendant's arguments is now taken in turn.

### i.  Complete Preemption

State claims may be removed to federal court "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003). "When the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.* Defendant alleges that as an operating federal subsidiary, it is regulated by the Office of Thrift Supervision ("OTS"), which "acting under authority granted by Congress, has issued regulations that occupy the field and completely preempt state law claims relating to loan-related fees such as the payoff statement fees involved here." (Def. Mem. Of Law at 1).

The question of whether removal in the instant action was proper, however, does not turn on whether the regulations promulgated by the OTS completely preempt Plaintiff's State law claims. It turns instead on the following: Plaintiff argues that because Defendant was not a federal subsidiary when the verified complaint was filed in State Court, the case may not later be removed when it subsequently becomes a federal subsidiary through Defendant's unilateral actions. (Pl. Reply at 2). Defendant counters that under the second paragraph of 28 U.S.C. § 1446(b), even if a federal question does not appear on the face of a complaint when originally filed, a lawsuit subsequently may be removed if facts are discovered or various actions are taken which make it removable. The second paragraph of 28 U.S.C. § 1446(b) states in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . .

*Id.*

Defendant is certainly correct in its contention that the second paragraph of § 1446(b) allows some cases which were not originally removable to be removed when subsequent pleadings or events reveal new grounds for removal. The instant case, however, does not fall within the purview of § 1446(b) because Defendant's actions, and not Plaintiff's, created the basis for removability. "As a general

rule, 'involuntary changes in a case do not create removability if the plaintiff's complaint was not removable.'" *Deming v. Nationwide Mutual Ins. Co.*, No. 03–1225, 2004 WL 332741, *2, 2004 U.S. Dist. LEXIS 2396, *4–*5 (D.Conn. Feb. 14, 2004) (quoting 16 Moore's Federal Practice, § 107.14[2][h] (3d ed.2002)); *see also Henderson v. City of Chattanooga*, No. 02–045, 2002 WL 32060139, *4, 2002 U.S. Dist. LEXIS 26339, *15 (E.D.Tenn. June 11, 2002)("A state court case that initially is non-removable cannot subsequently become removable or be transformed into a removable case unless a change occurs that makes it removable as a result of the plaintiff's voluntary act"); *S.W.S. Erectors, Inc. v. Infax Inc.*, 72 F.3d 489, 494 (5th Cir.1996); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71–2 (7th Cir.1992); *Insinga v. LaBella*, 845 F.2d 249, 252–53 (11th Cir. 1988). Although this rule, known as the "voluntary-involuntary rule," generally only applies to cases based on diversity jurisdiction, courts have also held that it applies to cases based on federal question jurisdiction. *See Henderson*, 2002 WL 32060139, **5–6, 2002 U.S. Dist. LEXIS 26339 at *17–*18 ("the voluntary-involuntary rule is also applicable in nondiversity cases where federal subject matter jurisdiction is based on a federal question"); *see also Morsani v. Major League Baseball*, 79 F.Supp.2d 1331, 1333 n. 5 (M.D.Fla.1999) ("In both federal question and diversity cases ... Section 1446(b) restricts defendants from removing most cases when the circumstance potentially allowing removal arises through no consequence of the plaintiff's actions"); *People of State of Cal. v. Keating*, 986 F.2d 346, 348 (9th Cir.1993) ("[W]hen an event oc-

curring after the filing of a complaint gives rise to federal jurisdiction, the ability of a Defendant to remove is not automatic; instead, removability is governed by the 'voluntary/involuntary rule'" ").

Here, Defendant's act of becoming an operating subsidiary of a federal savings bank after the instant lawsuit was filed in State court was not the result of any voluntary actions by Plaintiff. Defendant's unilateral act may not be the predicate for the removal of a case that was not removable when originally filed by Plaintiff.[1] Accordingly, removal was improper on the basis of complete preemption due to Defendant's subsequent status as an operating subsidiary of a federal savings bank.

### ii. Interpretation of Federal Questions: RPL 274–a & GBL 349

In addition to arguing that removal was proper based on complete preemption, Defendant also argues that two of Plaintiff's claims raise federal questions. Both of these arguments fail.

■ First, Defendant argues that Plaintiff's claim under RPL § 274–a "necessarily invokes the Commerce Clause and thus creates federal question jurisdiction." (Def. Mem. of Law at 13–4). Defendant's invocation of the dormant Commerce Clause argument, however, is merely an anticipated defense to liability under RPL 274–a, and this Court must ignore · it for purposes of deciding whether Plaintiff's claim "arises under" federal law. *Mottley*, 211 U.S. at 152, 29 S.Ct. 42. As *ABN Amro Bank* explained, "Even if New York Real Property Law 274–a does impermissibly burden interstate commerce, that fact

---

**1.** The Second Circuit Court of Appeals in *Quinn v. Aetna Life & Casualty Co.*, 616 F.2d 38 (2d Cir.1980), has recognized an exception to the voluntary-involuntary rule, holding that when a plaintiff does not appeal an involun-

tary dismissal of a non-diverse party, the voluntary-involuntary rule does not apply. *Quinn*'s holding, however, is clearly inapplicable to the facts in the instant lawsuit.

in itself would not mean that the plaintiff's complaint 'necessarily invoke[s]' ... the Commerce Clause; the Commerce Clause argument is merely a defense the defendants may raise to the New York law claims against them." *Id.* 2004 WL 869557, **1–2, 2004 U.S. Dist. LEXIS 6888, at *4–*5. Accordingly, Defendant's first argument does not support a basis for removal.

 Second, Defendant argues that Plaintiff's claim under GBL § 349 invokes federal jurisdiction because GBL § 349(d) states that "it shall be a complete defense" to liability if the complained of act or practice complies with the rules and regulations of the Federal Trade Commission or other Federal Agency. GBL § 349(d); (Def. Mem. of Law at 17–19). Thus, in deciding Plaintiff's GBL § 349 claim, the Court will have to analyze certain federal rules and regulations. (Def. Mem. of Law at 17–19). Again, the federal question raised by Defendant is merely an anticipated defense to Plaintiff's GBL § 349 claim. *See ABN Amro Bank,* 2004 WL 869557, *3, 2004 U.S. Dist. LEXIS 6888 at *7 ("there is authority for the position that 349(d) is an affirmative defense, rather than an element of the claim") (citations omitted). Accordingly, Defendant's second argument also does not support a basis for removal.

## B. *Defendant's Motion to Dismiss*

As explained *supra,* this Court is granting Plaintiff's motion to remand the instant action back to State Court. Therefore, there is no need to reach the merits of Defendant's Rule 12(b)(6) motion and the same is **DENIED,** without prejudice.

### *CONCLUSION*

For the foregoing reasons, Plaintiff's motion is hereby **GRANTED** and Defen-

dant's motion is **DENIED,** without prejudice.

SO ORDERED.